UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANDERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>Defendant. | Case No. 15-cv-02172-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR REMAND AND ORDER REQUIRING STATUS REPORTS**<br><br>Re: Docket No. 55 |

Now before the Court for consideration is the motion for reconsideration of the order denying Plaintiffs' motion for remand.[1] The Court has considered the parties' papers, relevant legal authority, the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for January 15, 2016, and it GRANTS, IN PART, AND DENIES, IN PART, Plaintiffs' motion.

## BACKGROUND[2]

This case is one of four putative class actions pending against defendant SeaWorld Parks and Entertainment, Inc. ("SeaWorld"), regarding SeaWorld's representations about its treatment of orcas, *i.e.* killer whales, at its various theme parks. The other three cases have been consolidated and are pending in the United States District Court for the Southern District of California as *Hall*

---

[1] This matter was initially assigned to the Honorable Samuel Conti. Upon his retirement, the matter was reassigned to the undersigned Judge.

[2] The facts and procedural history of this case were set forth in a prior order of the Court, and they shall not be repeated here, except as necessary to the analysis. (*See* Docket No. 46, Order Denying Remand at 2:1-4:18.)

*v. SeaWorld Entertainment, Inc.*, No. 3:15-CV-660-CAB-RBB (the "*Hall* litigation").[3] In contrast to the Plaintiffs in the *Hall* litigation, Plaintiffs here, Marc Anderson and Ellexa Conway (collectively "Plaintiffs"), originally filed their complaint in the Superior Court of the State of California for the City and County of San Francisco ("Superior Court"). (Docket No. 1-1, Complaint; Docket No. 9-1; First Amended Complaint ("FAC").)

SeaWorld then removed the action to this Court and asserted the Court had jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d). (Docket No. 1, Notice of Removal, ¶ 3.) On September 22, 2015, Judge Conti denied Plaintiffs' motion to remand, finding that: (1) SeaWorld met its burden to show the value of injunctive relief exceeded CAFA's jurisdictional minimum of $5,000,000; and (2) the potential preclusive effect of this case on the *Hall* litigation created "a conflict with CAFA's intent, making remand improper." (Order Denying Remand at 19:6-7.) The latter finding was based on the Court's conclusion that the Plaintiffs were intimately involved the *Hall* litigation. (*Id.* at 19:18-22.)

The Court will address additional facts as necessary in its analysis.

## ANALYSIS

Plaintiffs move to reconsider the Order Denying Remand on the basis that the Court manifestly failed to consider material facts and dispositive legal arguments. *See School Dist. No. 1J, Multnomah County, Or. v. ACand S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth bases on which a party may seek reconsideration); *see also* N.D. Civ. L.R. 7-9(b)(3).

Specifically, Plaintiffs argue that "[a]ny attempt to measure the specific impact on SeaWorld of an injunction directed towards advertising statements," including the Court's attempt, "is inherently speculative." (Docket No. 55, Motion for Reconsideration at 1:27-2:2.) They also contend that the Court's factual assumption that they had any involvement with preparing or filing the *Hall* litigation is erroneous.

//

---

[3] The court in that case recently granted SeaWorld's motion to dismiss and granted the plaintiffs leave to amend in part. (*See* Docket No. 64, Defendant's Statement of Recent Decision.)

**A.     Applicable Legal Standards.**

   **1.     Standards on Motion to Remand.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In general, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S.Ct. 547, 554 (2014).

   **2.     CAFA Jurisdictional Requirements and Standard of Review.**

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443

F.3d 676, 685 (9th Cir. 2006).

Thus, SeaWorld has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Standard Fire Insurance Company v. Knowles*, – U.S. –, 133 S.Ct. 1345, 1348-49 (2013) ("*Standard Fire*"); *see also Rodriguez v. AT&T Mobility Services*, LLC, 728 F.3d 975 (9th Cir. 2013) (finding that "legal certainty standard" set forth in *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994 (9th Cir. 2007) had been "effectively overruled" by *Standard Fire*). In order to determine whether SeaWorld has met its burden, the Court may consider the complaint, the contents of the removal petition, and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117; *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2014). However, SeaWorld "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions" *Ibarra*, 775 F.3d at 1197.

**B.     The Court Grants, in part, and Denies, in part, the Motion for Reconsideration.**

   **1.     Amount in Controversy.**

The Court determined the amount in controversy by calculating the value of compliance with the injunction to SeaWorld, measured by the potential losses in ticket sales. (Order Denying Remand at 7:15-8:6 & n.4.) Because SeaWorld had the burden of proof to demonstrate the amount in controversy, the Court used a conservative model to make that calculation. (Order Denying Remand at 12 n.6.)

Plaintiffs do not move for reconsideration on the basis that the Court applied an incorrect legal standard, *i.e.* they do not contest the Court's application of the "either viewpoint" rule. Although they argue that SeaWorld should be precluded from relying on the cost of compliance with an injunction to satisfy the amount in controversy, the Court finds that Plaintiffs' arguments on that point do not warrant reconsideration of that issue.

Plaintiffs also argue that the Court should reconsider its ruling on the basis that it is inherently speculative to assume that the requested injunctive relief would cause SeaWorld to lose ticket sales, given other variables that have affected SeaWorld's business in the last few years. The Court is not persuaded that reconsideration is warranted on this basis either.

Plaintiffs have not contested the evidence SeaWorld presented in its Notice of Removal.

(*See* Notice of Removal, at p. 9 (Declaration of William Powers, ¶ 5).) Those figures formed the basis of the Court's calculation and, thus, stand unrebutted. As the Court found in its Order Denying Remand, if complying with the injunction caused SeaWorld to lose 166,667 on-line ticket sales during a one-year period, CAFA's jurisdictional minimum would be satisfied.[4]

In support of their motion for reconsideration, Plaintiffs submit press reports about negative publicity that SeaWorld has received following: release of the *Blackfish* documentary; the filing of a securities class action lawsuit; and restrictions imposed by the California Coastal Commission. Plaintiffs also include briefing filed in the securities lawsuit. Plaintiffs argue that these materials demonstrate that there are a number of variables that might impact future ticket sales, and, thus it would be unreasonable and speculative to assign a figure to a decline in sales based upon compliance with the injunction. However, some of the press reports submitted by Plaintiffs do not necessarily undercut the Court's calculations. Indeed, at least one of the reports state that SeaWorld San Diego, the park at issue in this case, had a 12% decline in attendance in 2014, a figure not that far off from the percentage identified in the Order Denying Remand. (Docket No. 55-2, Declaration of Christine S. Haskett ("Haskett Decl."), Ex. 1 at ECF p. 26.)

Plaintiffs also argue that their injunction merely requires SeaWorld to comply with the law. If Plaintiffs, in fact, merely asked SeaWorld to discontinue existing practices, their argument might have some force. However, that is not the relief Plaintiffs seek.[5] (*See* FAC ¶ 80.b.) The

---

[4] As noted, the Court applied a conservative model to determine the number of lost ticket sales that would be required to meet the jurisdictional minimum. Therefore, the Court's calculations did not take into account any reduction in on-site ticket sales, where ticket prices are significantly higher.

[5] In support of this argument, Plaintiffs rely on *Velasquez v. HMS Host USA, INc.*, No. 2:12-CV-02312-MCE-CKD, 2012 WL 6049608 (E.D. Cal. Dec. 5, 2012), *Lopez v. Source Interlink Cos., Inc.*, No. 2:12-CV-00003-JAM-CKD (E.D. Cal. Mar. 29, 2012), and *Longmire v. HMS Host USA, Inc.*, 12-CV-2203-AJB (DHB), 2012 WL 5928485 (S.D. Cal. Nov. 26, 2012). Each of those cases involved alleged violations of California's wage and hour laws. Thus, they are factually inapposite. In addition, in those cases, the injunctions requested in those cases required the defendants to do nothing more than comply with the various labor code provisions at issue going forward. As set forth above, Plaintiffs are not simply asking SeaWorld to comply with the California laws at issue. Rather, they are asking SeaWorld to make affirmative – and purportedly corrective – statements to consumers regarding the subject matter of the litigation. Therefore, the Court finds Plaintiffs' reliance on these cases unpersuasive.

Court also considered reputational damage in its analysis of the value of the injunction. (Order Denying Remand at 13:1-15.) Given the record, which shows that the mere specter of wrongdoing and maltreatment of its orcas has contributed to declining sales, the Court cannot say it is unreasonable to conclude that if SeaWorld is required to affirmatively acknowledge that it has made the alleged misrepresentations at issue, ticket sales would decline even further as a result.

Accordingly, the Court will not reconsider its ruling that, based on the record in this case, SeaWorld has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. The Court DENIES the motion for reconsideration on that basis.

**2.     Preclusion.**

The Court's second basis for denying Plaintiff's motion to remand was based upon the fact that the Plaintiffs in this case and the *Hall* litigation were the same. (*See, e.g.,* Order Denying Remand at 19:18-22.) Plaintiffs have submitted a declaration in which they, through their counsel, attest that: (1) neither they nor their counsel were involved with or prepared the lawsuits that comprise the *Hall* litigation, and the plaintiffs and counsel in the *Hall* litigation were not involved with or prepared this case; (2) plaintiffs first learned of the *Hall* litigation through media reports in March 2015, after that case was filed but before their filed suit in Superior Court; and (3) Plaintiffs' counsel has had some communications with plaintiffs' counsel in the *Hall* litigation, which have been limited to issues relating proceedings before the Judicial Panel on Multidistrict Litigation and efforts to coordinating discovery. (Haskett Decl., ¶¶ 2-6.)

Based on the Haskett declaration, Plaintiffs have demonstrated that the Court's factual statement that the Plaintiffs were the same was incorrect. As SeaWorld notes, that does not alter the fact that the putative class members in this case do fall within the scope of the putative class in the *Hall* litigation, and Plaintiffs here fall within the scope of the putative class in *Hall*. However, to the extent the Court's determination that the intent of CAFA would be frustrated if it were to remand depends upon the factual determination that Plaintiffs are the same, the Court grants, in part, Plaintiffs' motion for reconsideration on that limited basis.[6]

---

[6] Plaintiffs were aware of the *Hall* litigation by the time they filed suit in Superior Court. This Court, as did Judge Conti, finds the potential for preclusion troubling. As Judge Conti noted,

**CONCLUSION**

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Plaintiffs' motion for reconsideration.  Plaintiffs previously filed a request to the Ninth Circuit seeking leave to appeal the Order Denying Remand, and that appeal remains pending.  Accordingly, the Court will defer ruling on the motion to dismiss and will defer setting a case management conference pending a ruling from the Ninth Circuit.

The parties shall file a joint status report on April 11, 2016, and every 90 days thereafter, until the Ninth Circuit has either: (1) denied Plaintiffs' request for permission to appeal; or (2) granted Plaintiffs' request for leave to appeal and issued a final order on the issue of remand.

**IT IS SO ORDERED.**

Dated: January 12, 2016

_____
JEFFREY S. WHITE
United States District Judge

---

while, in general, it is permissible to maintain an injunction only suit, this is *not* a case where the facts underlying Plaintiffs' monetary injuries differ from those of the absent class members in this case or from the absent class members in the *Hall* litigation.  (*See* Order Denying Remand at 17:14-19.)  The Court also recognizes that Plaintiffs may not literally be attempting to bind absent class members from obtaining a form of monetary relief to which they might otherwise be entitled.  However, Plaintiffs' strategic choice does appear to violate the spirit – if not the letter – of the Supreme Court's ruling in *Knowles* as well as Congress' intent to provide a federal forum for certain class actions.