Christine Saunders Haskett (Bar No. 188053)
Tracy O. Zinsou (Bar No. 295458)
Udit Sood (Bar No. 308476)
Lindsey Barnhart (Bar No. 294995)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: chaskett@cov.com; tzinsou@cov.com; usood@cov.com; lbarnhart@cov.com

*Attorneys for Plaintiffs*
*MARC ANDERSON, KELLY NELSON,*
*and JULIETTE MORIZUR*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARC ANDERSON, KELLY NELSON, and JULIETTE MORIZUR on their own behalf and on behalf of a class of others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>        Defendant. | Case No.: 4:15-cv-02172-JSW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**Hearing Date: February 3, 2017**<br>**Hearing Time: 9:00 a.m.**<br>**Judge: Hon. Jeffrey S. White**<br>**Courtroom:  5** |

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................................. 1

III. PLAINTIFFS' ALLEGATIONS IN THE TAC STATE CLAIMS ON WHICH RELIEF
     CAN BE GRANTED. ......................................................................................................... 2

     A.   Plaintiffs Have Satisfied The CLRA's Procedural Requirements.................................... 3

     B.   Plaintiff Morizur's UCL Claim Is Adequately Pled And Should Not Be Dismissed. ..... 4

IV.  CONCLUSION ................................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Apple In-App Purchase Litig.*,
   855 F. Supp. 2d 1030 (N.D. Cal. 2012)................................................................3, 4

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*
   802 F. Supp. 2d 1070 (N.D. Cal. 2011)....................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................2, 4, 5

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*,
   20 Cal. 4th 163 (1999)...........................................................................................4, 5

*In re Easysaver Rewards Litig.*,
   737 F.Supp.2d 1159 (S.D. Cal. 2010) ...................................................................3, 4

*Fed. Agr. Mortgage Corp. v. It's A Jungle Out There, Inc.*,
   No. 03-cv-3721-VRW, 2005 WL 3325051 (N.D. Cal. Dec. 7, 2005) ......................6

*In re Google Android Consumer Privacy Litig.*,
   No. 11-MD-02264 JSW, 2014 WL 988889 (N.D. Cal. Mar. 10, 2014)....................5

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012)....................................................................6

*Lozano v. AT&T Wireless Servs., Inc.*,
   504 F.3d 718 (9th Cir. 2007)....................................................................................5

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008)..................................................................................3

*Northstar Fin. Advisors, Inc. v. Schwab Invs.*,
   135 F. Supp. 3d 1059, 1070 (N.D. Cal. 2015)..........................................................6

*Pirozzi v. Apple, Inc.*,
   966 F. Supp. 2d 909 (N.D. Cal. 2013)...............................................................4, 5, 6

*Romo v. Wells Fargo Bank, N.A.*,
   2016 WL 3523779 (N.D. Cal. June 28, 2016) ..........................................................6

*Seifi v. Mercedes-Benz USA, LLC,*
    No. 12-cv-5493-TEH, 2013 WL 2285339 (N.D. Cal. May 23, 2013) ................................................. 3, 4

*Yunker v. Pandora Media, Inc.,*
    No. 11-CV-03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ................................................. 5

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION</u>

## I.    INTRODUCTION

Defendant SeaWorld's latest motion to dismiss should be denied in full.  This Court has already ruled that Plaintiff Kelly Nelson sufficiently alleged her California Consumers Legal Remedies Act ("CLRA") claim and that Plaintiff Juliette Morizur may proceed with her claim under the "unfair" prong of the California Unfair Competition Law ("UCL").  Yet, in an apparent attempt to get a second bite at the apple, SeaWorld brings this motion to dismiss those claims.  Because SeaWorld's motion is premised on phantom technicalities and meritless legal arguments it could have raised—but did not raise—in prior rounds of briefing, the Court should deny SeaWorld's motion to dismiss the Third Amended Class Action Complaint ("TAC").

*First*, Plaintiffs have fully complied with the CLRA's procedural requirement to submit an affidavit supporting venue in this District.  Plaintiffs filed the required affidavit on August 22, 2016, and nothing in the CLRA or case law requires any further action on Plaintiffs' part.

*Second*, Plaintiff Morizur has adequately pled her claim under the "unfair" prong of the UCL.  In its motion, SeaWorld confuses the relevant legal standard and ignores the wealth of factual allegations in the TAC that, when viewed in the light most favorable to Plaintiff Morizur, amply support her allegation that the monetary harm she suffered outweighed any benefit resulting from SeaWorld's misrepresentations about its care for captive orcas.  These allegations are sufficient to state a UCL unfairness claim.  Moreover, SeaWorld is precluded from asserting this argument because it failed to do so in its previous motions to dismiss.

For these reasons, and as described more fully below, the Court should deny SeaWorld's motion.

## II.    FACTUAL BACKGROUND

While SeaWorld has challenged the sufficiency of Plaintiffs' pleading on four separate occasions, the core of Plaintiffs' false advertising claims survives intact.  Plaintiffs allege that, in reliance on SeaWorld's deceptive advertising regarding its treatment and the health of captive orcas, Plaintiffs purchased admission tickets to and souvenirs at SeaWorld's San Diego amusement park.  Plaintiffs bring

claims under the CLRA, UCL, and California's False Advertising Law ("FAL") based on these allegations.

On August 1, 2016, in an Order on SeaWorld's Motion to Dismiss the First Amended Class Action Complaint ("FAC") and Plaintiffs' Motion for Leave to Amend, the Court granted in part and denied in part SeaWorld's motion, granted Plaintiffs leave to amend on every issue raised by SeaWorld in its motion on the terms set forth in the Court's Order, and denied Plaintiffs' motion to amend as moot.  Dkt. No. 80 ("FAC Order") at 1-2.  Pertinent to the present motion, the Court found that Plaintiffs failed to file a venue affidavit and give notice of their claims, as required by the CLRA, and gave Plaintiffs leave to amend to do so.  *Id.* at 6-7.  The Court did not address—because SeaWorld did not raise—any argument regarding Plaintiffs' claims brought under the unfairness prong of the UCL.

On August 22, 2016, Plaintiffs filed the Second Amended Class Action Complaint, attaching the CLRA venue affidavit as Exhibit A.  Dkt. No. 81 ("SAC"). The Court granted in part and denied in part SeaWorld's subsequent motion to dismiss the SAC on November 7, 2016.  Dkt. No. 90 ("SAC Order").  In relevant part, the Court concluded that Plaintiff Nelson's "allegations are sufficient to allege that SeaWorld represented that its entertainment services had characteristics that it did not have," and therefore sufficient to state a claim under the CLRA.  *Id.* at 19.  The Court did not address—because SeaWorld did not contest—the validity of the CLRA venue affidavit filed as Exhibit A to the SAC.  Additionally, the Court ordered that "Ms. Morizur may pursue the UCL claim to the extent it is premised on the 'unfair' prong of that statute."  *Id.* at 22.

Plaintiffs filed the operative Third Amended Class Action Complaint ("TAC") on November 22, 2016.  Dkt. No. 94.  SeaWorld filed the present motion to dismiss on December 13, 2016.  Dkt. No. 99 ("Mot.").

## III.   PLAINTIFFS' ALLEGATIONS IN THE TAC STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When ruling on a Rule 12(b)(6) motion, a Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable

to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008).

Plaintiffs' TAC meets these requirements with respect to each of Plaintiffs' claims.

### A.    Plaintiffs Have Satisfied The CLRA's Procedural Requirements.

SeaWorld first contends that Plaintiffs did not comply with the CLRA's procedural requirement of filing an affidavit stating facts showing that the action was "commenced in a county or judicial district [that is] a proper place for the trial of the action."[1] Cal. Civ. Code § 1780(c).  However, it is undisputed that Plaintiffs *did* file such an affidavit, and the CLRA does not require that an affidavit be filed anew with each amended complaint.  SeaWorld's attempt to dismiss Plaintiff Nelson's CLRA claim on the basis of a phantom technicality should therefore be rejected.

SeaWorld's interpretation of the CLRA procedural requirements is directly refuted by case law. When, as here, a plaintiff has submitted the required CLRA venue affidavit in connection with a previous iteration of the complaint, "[t]he purpose of the rule has been satisfied," even if the individual who signed the affidavit is no longer pursuing a CLRA claim.  *In re Easysaver Rewards Litig.*, 737 F.Supp.2d 1159, 1178 (S.D. Cal. 2010) (denying motion to dismiss CLRA claim on procedural grounds when plaintiff who had submitted CLRA affidavit with previous version of complaint was no longer a named plaintiff in the amended complaint).  Under the reasoning of *Easysaver*, Plaintiffs satisfied the "purpose" of the CLRA procedural rule by submitting the required venue affidavit in August and therefore need not file the affidavit again with the subsequently filed TAC.  *See id.*  Courts in this District have approved of the reasoning in *Easysaver* and applied it to deny motions to dismiss premised on the same grounds advanced by SeaWorld here.  *See Seifi v. Mercedes-Benz USA, LLC*, No. 12-cv-5493-TEH, 2013 WL 2285339, at *8 (N.D. Cal. May 23, 2013) ("A court need not dismiss a CLRA claim based on the fact that the venue affidavit was not filed concurrently with the complaint if an affidavit has been filed that satisfies the purpose of the rule—ensuring that the action has been commenced in a proper venue."); *In re Apple In-*

---

[1] SeaWorld only challenges Plaintiffs' compliance with the CLRA affidavit requirement.  SeaWorld does not challenge Plaintiffs' compliance with the CLRA notice letter requirement.  *See* Cal. Civ. Code § 1782; Mot. at 7-8 (limiting argument to the CLRA affidavit requirement).  As alleged in the TAC, Plaintiff Nelson fully complied with the notice letter requirement.  TAC ¶ 72.

*App Purchase Litig.*, 855 F. Supp. 2d 1030, 1037 (N.D. Cal. 2012) (finding "purpose of the [CLRA venue affidavit rule] has been satisfied" when plaintiffs filed an affidavit concurrently with an earlier complaint, and denying motion to dismiss).

The single case cited by SeaWorld in support of its CLRA argument is inapposite.  In *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, the court dismissed the plaintiff's CLRA claim without prejudice because the plaintiff *never* filed a venue affidavit.  802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).  Here, on the other hand, Plaintiffs filed the required affidavit over four months ago.  In line with *Easysaver*, *Seifi*, and *In re Apple In-App Purchase Litigation*, nothing more is required to satisfy the CLRA's procedural requirements.

Finally, SeaWorld's attempt to dispute whether venue is proper in this District should not be considered in the context of this motion to dismiss.  *See* Mot. at 8.  SeaWorld has not moved pursuant to Rule 12(b)(3) to dismiss the TAC for improper venue, nor has SeaWorld formally contested venue in any other fashion.  SeaWorld's musings on whether venue is supported by the facts of this case are irrelevant to the determination of whether Plaintiff Nelson has sufficiently alleged a claim under the CLRA.  As this Court previously found, she has done so.  *See* SAC Order at 19.  Therefore, SeaWorld's motion to dismiss Plaintiff Nelson's CLRA claim—and  her associated claim for attorney's fees—should be denied.

## B.      Plaintiff Morizur's UCL Claim Is Adequately Pled And Should Not Be Dismissed.

In a belated attempt to dismiss Plaintiff Morizur's UCL claim, SeaWorld argues that Plaintiff Morizur's claim is insufficiently pled because it follows "pre-*Cel-Tech* standards" and that her allegations are a "formulaic recitation" that fail under *Twombly*.  Mot. at 10-11.  Neither of these arguments has merit.

The term "unfair" in the UCL context has been defined in several ways, none of which has been adopted as controlling in the context of consumer fraud.  *See Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 921–22 (N.D. Cal. 2013).  Contrary to SeaWorld's suggestion that the California Supreme Court changed the controlling standard in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*, 20 Cal. 4th 163 (1999), *Cel-Tech* applied only in the antitrust context and not in the context of consumer fraud cases.  The Ninth Circuit has consequently declined to apply the "unfairness" test defined in *Cel-Tech* to consumer cases until the California Supreme Court clarifies the issue in the consumer fraud context.  *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) ("In the absence of

further clarification by the California Supreme Court, we endorse the district court's approach to the law as if it still contained [the] balancing test [set forth in *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (1999)].")  Following the Ninth Circuit's lead, this Court, along with other district courts, has applied a balancing test post-*Cel-Tech* to analyze unfair business practices in consumer cases that provides that "unfair" in the UCL context means "any practice whose harm to the victim outweighs any benefits" and that "the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  *See, e.g.*, *In re Google Android Consumer Privacy Litig.*, No. 11-MD-02264 JSW, 2014 WL 988889, at *6 (N.D. Cal. Mar. 10, 2014); *Yunker v. Pandora Media, Inc.*, No. 11-CV-03113 JSW, 2013 WL 1282980, at *12 (N.D. Cal. Mar. 26, 2013); *see also Pirozzi*, 966 F. Supp. 2d at 921–22.

Under this balancing test, Plaintiff Morizur has sufficiently pled facts in support of her "unfair" claim.  Pursuant to *Twombly*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  A claim has "facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Morizur alleges in the TAC that while visiting the SeaWorld San Diego park, she "asked SeaWorld's trainers questions about their captive orca's collapsed dorsal fins" and "SeaWorld employees told Ms. Morizur that that was normal, and also equally common in the wild."  TAC ¶ 20.  These SeaWorld trainers "also told Ms. Morizur that captivity in general does not harm orcas."  *Id.*  Relying on these misrepresentations, Ms. Morizur alleges that she purchased a Shamu Plush as a souvenir, and only later learned that "SeaWorld's representations about its orcas were false when she saw the Blackfish documentary."  *Id.*  Ms. Morizur further alleges that she "suffered an injury in fact by losing the money associated with her purchase and by supporting what, absent SeaWorld's misrepresentations, Ms. Morizur would have correctly understood to be the inhumane treatment of a highly intelligent and social animal."  *Id.*  Applying the balancing test utilized by this Court in analyzing the "unfair" prong of the UCL, Ms. Morizur's allegations sufficiently plead the harm (monetary loss) caused to her by SeaWorld's misrepresentations.  With respect to any "benefit" SeaWorld reaped from its false statements, SeaWorld cannot—and does not— argue that there

was any legitimate benefit to it from its false and misleading statements to Ms. Morizur.  *See Pirozzi*, 966 F. Supp. 2d at 922 (finding that plaintiff adequately pled the harm to her from defendant's alleged conduct, but defendant had offered nothing in the way of "reasons, justifications, or motives," or "utility of [its] conduct," to weigh against the alleged harm).  Further, the question of whether the benefits of SeaWorld's conduct outweighs the harm to consumers like Ms. Morizur is a factual determination that cannot be resolved at this stage.  *See In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1073 (N.D. Cal. 2012) (declining to dismiss plaintiffs' UCL claim under unfair prong because "while the benefits of [defendant's] conduct may ultimately outweigh the harm to consumers, this is a factual determination that cannot be made at this stage of the proceedings").  Therefore, Ms. Morizur has met her pleading burden, and nothing further is required at this stage.

Moreover, SeaWorld's failure to raise these arguments in previous motions to dismiss precludes it from advancing the arguments here.  Under Federal Rule of Civil Procedure 12(h)(2), "a party that seeks to assert a defense that was available but omitted from an earlier Rule 12 motion can only do so in a pleading allowed or ordered under Rule 7(a), a Rule 12(c) motion, or at trial."  *Romo v. Wells Fargo Bank, N.A.*, 2016 WL 3523779, at *2 (N.D. Cal. June 28, 2016); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 135 F. Supp. 3d 1059, 1070 (N.D. Cal. 2015) (reviewing cases and concluding that defendants were "foreclosed" from asserting a defense that was available but omitted from an earlier motion to dismiss); *Fed. Agr. Mortgage Corp. v. It's A Jungle Out There, Inc.*, No. 03-cv-3721-VRW, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005) (where the complaint is amended after the defendant has filed a Rule 12(b) motion, the defendant may not thereafter file a second Rule 12(b) motion asserting objections or defenses that could have been asserted in the first motion).  Just as SeaWorld stresses in its motion that Plaintiffs have been given multiple opportunities to amend their complaint, so too has SeaWorld had plentiful opportunities to assert Rule 12(b)(6) arguments.  Plaintiff Morizur's allegations have not changed between the SAC and the TAC; as a result, SeaWorld has no justification for its failure to make this argument previously.

SeaWorld's asserted excuse that it only just realized that Ms. Morizur's unfair claim was based on her allegations regarding her conversation with SeaWorld's trainer, rather than SeaWorld's "deceptive

1  long-term advertising campaign," Mot. at 11, does not change the analysis.  Ms. Morizur's reliance

2  pleading was not "vague" as SeaWorld contends.  Her allegations set forth two sets of representations on

3  which she relied: statements made to her by SeaWorld trainers and SeaWorld's long-term advertising

4  campaign.  That the Court has now held that Plaintiffs, including Ms. Morizur, cannot rely on one of these

5  sets of misrepresentations in pursuing their claims does not excuse SeaWorld from having raised its

6  arguments as to the other set at an earlier stage.  SeaWorld could have argued in its earlier motion that the

7  statements by SeaWorld's trainers to Ms. Morizur were insufficient to uphold a UCL "unfair" claim, as it

8  did when arguing that these same representations were insufficient to plead an FAL claim.  *See* Dkt. No.

9  82 at 14-15.  Yet it failed to do so, and the Court should not now entertain this belated attempt to dismiss

10  Ms. Morizur's UCL "unfair" claim.

11  Finally, the Court has already ruled that Plaintiff Morizur may proceed with her claim under the

12  unfair prong of the UCL as pleaded in the TAC.  Although SeaWorld did not raise any argument

13  regarding Plaintiffs' UCL unfair prong claims in prior motions to dismiss, Plaintiffs explicitly asserted in

14  their opposition to SeaWorld's motion to dismiss the SAC their position that Plaintiff Morizur's claim

15  under the unfair prong of the UCL would survive even if the Court were to grant SeaWorld's motion to

16  dismiss the SAC in full.  *See* Dkt. No. 87 at 15.  In its reply brief, SeaWorld belatedly argued in a footnote

17  that the SAC did not contain sufficient facts to support a UCL unfair claim.  Dkt. No. 88 at 15 n.12.  The

18  Court rejected SeaWorld's argument, concluding that Plaintiff Morizur "may pursue the UCL claim to the

19  extent it is premised on the 'unfair' prong of that statute."  SAC Order at 22.  SeaWorld offers no reason

20  for the Court to reconsider its ruling on this issue.

**IV.    CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request that the Court deny Defendant's motion.

Respectfully submitted,

Dated:  January 6, 2016                COVINGTON & BURLING LLP


By:    */s/ Christine Saunders Haskett*
       Christine Saunders Haskett
       Attorneys for Plaintiffs