**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANDERSON, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> SEAWORLD PARKS AND ENTERTAINMENT, INC., <br><br>  Defendant. | Case No. 15-cv-02172-JSW <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 99 |

Now before the Court for consideration is the motion to dismiss filed by Defendant SeaWorld Parks and Entertainment, Inc. ("SeaWorld"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the motion hearing scheduled at 9:00 a.m. on February 3, 2017, and HEREBY DENIES Sea World's motion. The parties shall appear at 11:00 a.m on February 3, 2017, for the case management conference.

The Court has set forth the procedural history of this litigation and the facts in several prior orders, and it shall not repeat them here. SeaWorld now moves to dismiss portions of the Third Amended Complaint ("TAC"). Specifically, SeaWorld moves to dismiss the claim under the Consumer Legal Remedies Act ("CLRA"), which is asserted on behalf of Plaintiff Kelly Nelson ("Ms. Nelson") and all others similarly situated. SeaWorld moves to dismiss the claim brought by Juliette Morizur ("Ms. Morizur") based on the "unfair" prong of California's Unfair Competition Law ("UCL") on behalf of herself and all others similarly situated. The Court shall address the

1

relevant facts in its analysis.

## ANALYSIS

**A.     Applicable Legal Standard.**

SeaWorld moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). When the Court resolves such a motion, the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In general, if the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). If a court has granted a plaintiff leave to amend, and if the plaintiff has failed to correct deficiencies identified by the court, the court has "particularly broad" discretion to deny leave to amend. *See, e.g., Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

**B.     The Court Denies the Motion to Dismiss Ms. Nelson's CLRA Claim.**

SeaWorld moves to dismiss the CLRA claim on the basis that Ms. Nelson did not file the requisite venue affidavit with the TAC. The CLRA has specific venue requirements and provides that "[a]n action under subdivision (a) or (b) may be commenced," *inter alia*, "in the county where the transaction or any substantial portions thereof occurred." Cal. Civ. Code § 1780(d). The CLRA also requires that "[c]oncurrently with the filing of the complaint, the plaintiff shall file an

affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." *Id.* If a plaintiff fails to file the required affidavit, a court must dismiss the action without prejudice. Section 1780(d) refers to an "action," not a claim, and courts have described the purpose of this rule is to ensure that an "action" is commenced in a proper venue. *See Seifi v. Mercedes-Benz, USA, LLC*, No. 12-cv-5493-TEH, 2013 WL 2285339, at *8 (N.D. Cal. May 23, 2013); *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1037-38 (N.D. Cal. 2012).[1] An "action" is defined as a "civil or criminal judicial proceeding." *See* Black's Law Dictionary (10th ed. 2014), at 35.

It is undisputed that when Plaintiffs filed the Second Amended Complaint, Plaintiff Marc Anderson filed an affidavit that set forth facts showing that venue was proper in this District when this "action" was commenced. Likewise, in the TAC, Plaintiffs include facts showing why venue is proper in this District and cite to Exhibit A. (*Compare* TAC ¶ 17 *with* Second Amended Complaint ¶ 17.) The allegations in the TAC are identical to the allegations in the SAC, and the Court can infer Plaintiffs' refer to and rely on the affidavit that was filed with the SAC.

Accordingly, the Court concludes that the purpose of Section 1780(d) has been satisfied, and it DENIES SeaWorld's motion to dismiss the CLRA claim. *Cf. In re Easysavers Rewards Litig.*, 737 F. Supp. 2d 1159, 1178 (S.D. Cal. 2010) (denying motion to dismiss where affidavit filed by an individual who was no longer part of litigation but which established venue proper when action commenced).

**C.   The Court Denies the Motion to Dismiss Ms. Morizur's UCL Claim.**

SeaWorld moves to dismiss Ms. Morizur's UCL claim on the basis that the facts fail to allege SeaWorld's conduct is "unfair." The paragraph in the second claim for relief, which sets forth allegations about the unfair prong is conclusory. However, the Plaintiffs incorporated by

---

[1] SeaWorld notes that at least one court within the Ninth Circuit has dismissed CLRA claims on the basis that each of the named plaintiffs failed to file a venue affidavit. *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010). The court in that case did not discuss the purpose of the venue affidavit requirement and did not provide a detailed analysis of why it required a venue affidavit from each plaintiff. The Court finds the reasoning in the *Seifi* and *In re Apple In-App* cases more persuasive, and for that reason declines to follow *In re Sony Grand*.

3

reference facts from earlier in the TAC. (*See* TAC ¶¶ 61, 65.) Ms. Morizur alleged that she asked "SeaWorld's trainers questions about their captive orca's collapsed dorsal fins." (TAC ¶ 20.) Ms. Morizur also alleged that the trainers told her that the collapsed dorsal fins were "normal, and also equally common in the wild. They also told Ms. Morizur that captivity in general does not harm orcas." (*Id.*)

The parties dispute whether SeaWorld should be permitted argue that these allegations are insufficient to state a claim. Plaintiffs argue SeaWorld waived this argument by failing to raise it in its earlier motions, relying on Federal Rule of Civil Procedure 12(g)(2). SeaWorld argues that it could not have raised this argument until Plaintiffs filed the TAC, because Ms. Morizur had not clearly alleged which representations she relied on to plead her UCL claim. Yet, SeaWorld has attacked portions of the Plaintiffs' claims in its prior motions, including that portion of the FAL claim that relied on Ms. Morizur's conversations with SeaWorld's trainers.

The Court will not deny the motion on the basis that SeaWorld should be barred from asserting this argument under Rule 12(g)(2). SeaWorld did assert, albeit in a footnote, in its motion to dismiss the Second Amended Complaint that "Plaintiffs also argue that even if Morizur's FAL, CLRA, and UCL 'unlawful' claims all fail, her UCL 'unfair' claim should remain … *but cite to no facts in the SAC to support a UCL 'unfair' claim premised on her conversation with the SeaWorld trainers*." (*See* Dkt. No. 88, Reply Br. at 15 n.12 (emphasis added).) In its Order resolving the motion to dismiss the SAC, the Court stated that Ms. Morizur could proceed on her UCL claim to the extent it was premised on the unfair prong. The Court finds no basis to revisit that conclusion, and it finds that SeaWorld's arguments are better raised by way of a motion for summary judgment or in opposition to a motion for class certification.

## CONCLUSION

For the foregoing reasons, the Court DENIES SeaWorld's motion to dismiss.

**IT IS SO ORDERED.**

Dated: January 30, 2017

_____
JEFFREY S. WHITE
United States District Judge

4