KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
LAWRENCE Y. ISER (SBN 094611)
  liser@kwikalaw.com
KRISTEN L. SPANIER (SBN 181074)
  kspanier@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone:   310.566.9800
Facsimile:   310.566.9850

NORTON ROSE FULBRIGHT US LLP
JOHN M. SIMPSON (admitted *pro hac vice*)
  john.simpson@nortonrosefulbright.com
MICHELLE PARDO (admitted *pro hac vice*)
  michelle.pardo@nortonrosefulbright.com
REBECCA E. BAZAN (admitted *pro hac vice*)
  rebecca.bazan@nortonrosefulbright.com
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone:   202.662.0200
Facsimile:   202.662.4643

Attorneys for SeaWorld Parks &
Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MARC ANDERSON, et al. | **Case No. 4:15-CV-02172 JSW** |
| **Plaintiffs,** | **ANSWER OF DEFENDANT SEAWORLD PARKS & ENTERTAINMENT, INC.** |
| **vs.** | |
| **SEAWORLD PARKS AND ENTERTAINMENT, INC.,** | **[CLASS ACTION]** |
| **Defendant.** | |

4:15-cv-02172-JSW

ANSWER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Defendant SeaWorld Parks & Entertainment, Inc. ("Defendant") hereby answers the Third Amended Class Action Complaint ("TAC") of Plaintiffs Marc Anderson, Kelly Nelson, and Juliette Morizur (collectively, "Plaintiffs") as follows:

Answering the introductory, unnumbered paragraph of the TAC, Defendant admits that it owns and operates the marine life park SeaWorld® San Diego, and that it conducts marketing on behalf of SeaWorld® San Diego.  Except as so admitted, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in the paragraph and therefore denies those allegations.

## INTRODUCTION

1.      Answering paragraph 1, Defendant admits that it is a theme park and entertainment company delivering personal, interactive and educational experiences that blend imagination with nature and enable its guests to celebrate, connect with and care for the natural world we share.  Defendant further admits that it owns and operates the marine life park SeaWorld® San Diego, which offers an exciting and educational blend of marine-life shows, presentations, rides and animal habitats. Defendant further admits that SeaWorld® San Diego sells tickets to the public for admission to the marine life park and sells souvenirs inside the park.  Except as so admitted, Defendant denies the remaining allegations of paragraph 1.

2.      Answering paragraph 2, Defendant admits that SeaWorld® San Diego offers educational killer whale presentations and has an animal habitat featuring killer whales.  Defendant admits that the logo for SeaWorld® San Diego is the following:



KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Defendant admits that, in or about 1965, the founders of SeaWorld® San Diego (George Millay, Milt Shedd, Ken Norris and David DeMott) purchased a killer whale that they named Shamu.  Defendant admits that after the original killer whale named Shamu died, other killer whales that resided at SeaWorld® San Diego were named Shamu.  Defendant admits that SeaWorld® San Diego sells souvenirs called "Shamu Plush."  Except as so admitted, Defendant denies the remaining allegations of paragraph 2.

3.     Answering paragraph 3, Defendant admits that its Annual Report on Form 10-K for the Year Ended December 31, 2013 stated that Defendant "is a leading theme park and entertainment company delivering personal, interactive and educational experiences that blend imagination with nature and enable our guests to celebrate, connect with and care for the natural world we share" and that Defendant "is one of the world's foremost zoological organizations and a global leader in animal welfare, training, husbandry and veterinary care."  Except as so admitted, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies those allegations.

4.     Defendant denies the allegations of paragraph 4.  Defendant denies that it has engaged in a deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints.

5.     Answering paragraph 5, Defendant admits that killer whales are large, highly intelligent and social predators.  Except as so admitted, Defendant denies the remaining allegations of paragraph 5.

6.     Answering paragraph 6, Defendant admits that it describes itself as a global leader in animal husbandry, veterinary care, enrichment and animal behavior

whose commitment to animals reaches around the world.  Except as so admitted, Defendant denies the remaining allegations of paragraph 6.

7.    Answering paragraph 7, Defendant admits that its website includes images of marine mammal rehabilitation as well as images of killer whales.  Except as so admitted, Defendant denies the remaining allegations of paragraph 7.

8.    Answering paragraph 8, Defendant admits that it posted an open letter, interviews with caretakers of killer whales and a rebuttal of the film *Blackfish* on its website.  Except as so admitted, Defendant denies the remaining allegations of paragraph 8.

9.    Answering paragraph 9, Defendant admits that the logo for SeaWorld® San Diego is the following:



Except as so admitted, Defendant denies the remaining allegations of paragraph 9.

10.    Answering paragraph 10, Defendant denies that SeaWorld® San Diego's home page features a prominent photo and link titled "Our Care for Killer Whales."  Defendant  admits that the website for SeaWorld® San Diego includes a page entitled "Killer Whales" that includes a photograph of a killer whale captioned "Our Care of Killer Whales" and a link that reads "Click here to learn more."  Defendant admits that the link takes viewers to a page which describes Defendant's care for its killer whales and states, among other things, that "[o]ur killer whales' life spans are equivalent with whales in the wild" and "[w]e recognize the importance of social structure and keep dependent killer whale calves with their mothers."  Defendant further admits that the two quoted sentences are links which viewers can click on to be taken to other website pages which provide additional

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

information about lifespan and killer whale social structure.  Defendant further admits that the website contains a page titled "Truth about *Blackfish*" which states that one of the central premises of *Blackfish* – "that life at SeaWorld is harmful for killer whales and for trainers working with these animals" – is wrong.  Except as so admitted, Defendant denies the remaining allegations of paragraph 10.

11.    Defendant denies the allegations of paragraph 11.

12.    Defendant denies the allegations of paragraph 12.

13.    Answering paragraph 13,  Defendant admits that Plaintiffs bring this action on behalf of themselves and others who are allegedly similarly situated, and that Plaintiffs are seeking injunctive relief for the class and monetary relief in their individual capacities.  Except as so admitted, Defendant denies the remaining allegations of paragraph 13.

### JURISDICTION AND VENUE

14.    Answering paragraph 14, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegation that Plaintiffs dispute the Court's subject matter jurisdiction and therefore denies those allegations.  Except as so denied, Defendant admits the remaining allegations of paragraph 14.

15.    Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 15.

16.    Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 16.

17.    Defendant admits that it conducts business in the Northern District of California.  Except as so admitted, Defendant denies the remaining allegations of paragraph 17.

### PARTIES

18.    Answering paragraph 18, Defendant denies that it has engaged in a

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints. Defendant further denies that it "does not take good care of its orcas, that it separates claves from mother orcas, and that its orcas [do] not have lifespans comparable to orcas in the wild." Defendant further denies that it has caused Marc Anderson to suffer any injury. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies those allegations.

19. Answering paragraph 19, Defendant denies that it has engaged in a deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints. Defendant further denies that it has caused Kelly Nelson to suffer any injury. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies those allegations.

20. Answering paragraph 20, Defendant denies that it has engaged in a deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints. Defendant further denies that it has caused Juliette Morizur to suffer any injury. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies those allegations.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

21.    Answering paragraph 21, Defendant admits that it is a Delaware corporation with its principal executive offices in Orlando, Florida.  Defendant further admits that it owns and operates the marine life park SeaWorld® San Diego.  Defendant admits that it has engaged in marketing for SeaWorld® San Diego in California and other parts of the United States and the world.  Defendant further admits that consumers can purchase tickets to SeaWorld® San Diego online.  Except as so admitted, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies those allegations.

## FACTUAL BACKGROUND

22.    Answering paragraph 22, Defendant admits that its website contains information rebutting one of the central premises of *Blackfish* – "that life at SeaWorld is harmful for killer whales and for trainers working with these animals." Except as so admitted, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies those allegations.

23.    Defendant denies the allegations of paragraph 23.

24.    Answering paragraph 24, Defendant admits that its website includes a page which describes Defendant's care for its killer whales and states, among other things, that "[o]ur killer whales' life spans are equivalent with whales in the wild." Defendant further admits that the quoted sentence is a link which viewers can click on to be taken to another page which provide additional information about lifespan. Except as so admitted, Defendant denies the remaining allegations of paragraph 24.

25.    Answering paragraph 25, Defendant admits that its website contains the quoted language and cites to the identified article by Ingrid N. Vissar, and that the information on the website is as set forth therein and not otherwise.  Except as so admitted, Defendant denies the remaining allegations of paragraph 25.

26.    Answering paragraph 26, Defendant admits that Ingrid Vissar has

communicated with Defendant and that the contents of her letter to Defendant are as set forth therein and not otherwise.  Except as so admitted, Defendant denies the remaining allegations of paragraph 26.

27.    Defendant denies the allegations of paragraph 27.

28.    Defendant denies the allegations of paragraph 28.

29.    Answering paragraph 29, Defendant admits that it has stated that "SeaWorld recognizes the importance of social structure and keeps dependent killer whale calves with their mothers."  Defendant admits that it has stated that "SeaWorld recognizes the important bond between mother and calf."  Defendant admits that it has stated that "[o]n the rare occasion that a mother killer whale cannot care for the calf herself, we have pioneered the techniques to successfully hand raise those calves."  Except as so admitted, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies those allegations.

30.    Answering paragraph 30, Defendant admits that SeaWorld® San Diego has artificially inseminated its killer whales.  Defendant admits that the killer whales Ike, Kayla, Keet, Trua, Tuar and Kalina were separated from their mothers as juvenile whales after they were no longer dependent on their mothers but prior to the age of five.  Except as otherwise admitted, Defendant denies the remaining allegations of paragraph 30.

31.    Answering paragraph 31, Defendant admits that the website contains a page titled "Truth about *Blackfish*" which states that one of the central premises of *Blackfish* – "that life at SeaWorld is harmful for killer whales and for trainers working with these animals" – is wrong.  Defendant denies that it has engaged in a deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints.

Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 31 regarding events that occurred in 1976, the early 1990s, 1995, and 1997 and therefore denies those allegations. Except as so admitted and denied, Defendant denies the remaining allegations of paragraph 31.

32.    Answering paragraph 32, Defendant admits that killer whales are large, highly intelligent, and social predators. Defendant denies the remaining allegations of paragraph 32.

33.    Defendant denies the allegations of paragraph 33.

34.    Defendant denies the allegations of paragraph 34.

35.    Defendant denies the allegations of paragraph 35.

36.    Answering paragraph 36, Defendant admits that it provides appropriate medical treatment to its killer whales to the extent they develop inflammations and infections. Except as so admitted, Defendant denies the remaining allegations of paragraph 36.

37.    Answering paragraph 37, Defendant admits that its Annual Report on Form 10-K for the Year Ended December 31, 2013 contained the quoted statement cited in paragraph 37. Defendant denies the remaining allegations of paragraph 37.

38.    Answering paragraph 38, Defendant admits that on March 17, 2016, it announced that it will end its killer whale breeding program. Defendant further admits that on or about November 9, 2015, it announced changes to its killer whale shows to make them more informative and to occur in a more natural setting. Except as so admitted, Defendant denies the remaining allegations of paragraph 38.

**CLASS ALLEGATIONS**

39.    Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs seek to bring this action for injunctive relief on behalf of themselves and a class of individuals defined in the TAC. Except as so admitted, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in

Paragraph 39 and therefore denies those allegations.

40.    Defendant denies that this action is suitable for class certification. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41.    Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 41.

42.    Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the precise number of class members and their addresses can be readily ascertained from Defendant's files and records and further denies that Defendant's files and records will make members of the class clearly identifiable and can reasonably control the size of the class.  Except as so denied, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies those allegations.

43.    Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 43.

44.    Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 44.

45.    Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 45.

46.    Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 46.

47.    Paragraph 47 states a legal conclusion to which no response is required.

To the extent a response is required, Defendant denies the allegations of paragraph 47.

48.    Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 48.

49.    Paragraph 49 states a legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 49.

50.    Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs' claims are typical of the claims of the members of the proposed class.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies those allegations.

51.    Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are adequate class representatives.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies those allegations.

52.    Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.    Defendant denies the allegations of paragraph 53.

## FIRST CAUSE OF ACTION

### (Violation of California False Advertising Law)

54.    Defendant repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

55.    Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph

55.

56.    Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has engaged in a deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints. Defendant denies the remaining allegations of paragraph 56.

57.    Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 57.

58.    Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 58.

59.    Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 59.

60.    Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs bring this action on behalf of themselves and others who are allegedly similarly situated, and that Plaintiffs are seeking injunctive relief for the class and monetary relief in their individual capacities.  Except as so admitted, Defendant denies the remaining allegations of paragraph 60.

## SECOND CAUSE OF ACTION

### (Violation of Unfair Competition Law)

61.    Defendant repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

62.    Paragraph 62 states legal conclusions to which no response is required.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

To the extent a response is required, Defendant denies the allegations of paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has engaged in a deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints. Defendant denies the remaining allegations of paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 67.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

To the extent a response is required, Defendant admits that Plaintiffs bring this action on behalf of themselves and others who are allegedly similarly situated, and that Plaintiffs are seeking injunctive relief for the class and monetary relief in their individual capacities.  Except as so admitted, Defendant denies the remaining allegations of paragraph 70.

### THIRD CAUSE OF ACTION

### (Violation of California Consumer Legal Remedies Act)

71.    Defendant repeats and realleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

72.    Answering paragraph 72, Defendant admits that it received a notice purporting to be in accordance with California Civil Code § 1782 from Plaintiff Kelly Nelson and that it acknowledged receipt of the notice via return receipt. However, Defendant denies the sufficiency of this notice.   Defendant further denies that any corrective actions were required by such notice, and therefore admits it has taken no actions in response to the notice.

73.    Answering paragraph 73, Defendant admits that Kelly Nelson brings this cause of action on behalf of herself and members of the class.  Defendant denies that Kelly Nelson is an adequate class representative or that the cause of action is appropriate for class action determination.

74.    Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 74.

75.    Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 75.

76.    Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 76.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

77.    Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it has engaged in a deceptive long-term advertising campaign regarding the health and happiness of its killer whales and denies that such an alleged campaign remains at issue in this case given the Court's dismissal of such allegations in its orders granting in part Defendant's Motions to the Dismiss the First and Second Amended Complaints. Defendant denies the remaining allegations of paragraph 77.

78.    Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 78.

79.    Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 79.

80.    Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 80.

81.    Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 81.

82.    Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 82.

83.    Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 83.

84.    Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Kelly Nelson bring this claim on behalf of herself and others who are allegedly similarly situated, and that

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Nelson is seeking injunctive relief for the class and monetary relief in her individual capacity.  Except as so admitted, Defendant denies the remaining allegations of paragraph 84.

## ANSWER TO PRAYER FOR RELIEF

85.    Defendant denies that Plaintiffs are entitled to relief against Defendant, and requests that the Court dismiss all claims against Defendant with prejudice and order such further relief in favor of Defendant as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Plaintiffs and the putative class members fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Not Proper Class Action)

2.    Plaintiffs' and the putative class members' claims alleged in the TAC may not properly be certified or maintained as a class action.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing/Capacity)

3.    Plaintiffs and the putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the TAC.

## FOURTH AFFIRMATIVE DEFENSE
### (First Amendment)

4.    Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the California Constitution that my apply to this lawsuit which protect the rights to freedom of speech.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Materiality or Justifiable Reliance)**

5.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Defendant (which are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiffs or the putative class members.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Conformity with Prevailing Business Practices and Standards)**

7.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiffs and the putative class members complain comported with the prevailing business practices and standards of the industry at the time.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Actionable Injury or Proximate Cause)**

8.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor the putative class members suffered any actionable injury or because such injury was not proximately caused by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(No Harm or Damages Suffered)**

9.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of California Business & Professions Code Section 17200, *et seq.,* or under any other cause of action in this case.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith, Privilege, Justification)

10.    Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Defendant, if performed at all, were done in good faith and/or were privileged or justified.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

11.    Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Defendant, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset and Set-Off)

12.    To the extent Plaintiffs are entitled to any relief, Defendant is entitled to an offset or set off of such relief for the value of the benefits that Plaintiffs received.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

13.    Plaintiffs' and the putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

14.    Plaintiff Kelly Nelson's and the putative class members' claim for violation of the California Legal Remedies Act is barred, in whole or in part, for failure to give proper notice under the applicable statute.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

15.    As a result of Plaintiffs' and the putative class members' conduct, words and/or actions, Plaintiffs and the putative class members have waived any and all of the alleged rights asserted in the TAC and in each and every claim therein.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

16.    The causes of action, and each of them, asserted in the TAC and/or the relief sought in the TAC, are barred by the doctrine of laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

17.    Defendant has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiffs as follows:

1.    That Plaintiffs take nothing by way of their TAC;

2.    That the TAC be dismissed in its entirety with prejudice;

3.    That Defendant recover its attorneys' fees and costs of suit incurred herein;

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10752.00011/379802.1

4:15-cv-02172-JSW

4.    For such other and further relief in favor of Defendant as the Court deems just and proper.

DATED: February 21, 2017          KINSELLA WEITZMAN ISER
                                  KUMP & ALDISERT LLP


                                  By:        /s/ Lawrence Y. Iser
                                         Lawrence Y. Iser

                                         Attorneys for SeaWorld Parks &
                                         Entertainment, Inc.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a jury trial on all issues so triable.

DATED: February 21, 2017          KINSELLA WEITZMAN ISER
                                   KUMP & ALDISERT LLP


                                   By:        /s/ Lawrence Y. Iser
                                          Lawrence Y. Iser

                                   Attorneys for SeaWorld Parks &
                                   Entertainment, Inc.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850