UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANDERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>Defendant. | Case No. 15-cv-02172-JSW<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND RESCHEDULING HEARING ON MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 136, 137 |

Now before the Court for consideration is the motion for a protective order staying discovery filed by SeaWorld Parks and Entertainment, Inc. ("SeaWorld"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons set forth below, the Court HEREBY DENIES SeaWorld's motion.

**BACKGROUND**

On April 13, 2015, Marc Anderson ("Anderson") and Ellexa Conway ("Conway") filed a complaint in the Superior Court of the State of California for the City and County of San Francisco. (Dkt. No. 1-1, Complaint.) On May 11, 2015, Anderson and Conway filed a First Amended Complaint ("FAC"). (Dkt. No. 9-1, FAC.) On May 14, 2015, SeaWorld removed to this Court. (Dkt. No. 1, Notice of Removal.)

On May 29, 2015, Anderson and Conway moved to remand. (Dkt. No. 15.) On September 24, 2015, the Court denied the motion to remand. On January 12, 2016, the Court granted, in part, and denied, in part, their motion for reconsideration. (Dkt. Nos. 46, 65.)

In the interim, on September 18, 2015, SeaWorld had filed a motion to dismiss the FAC. (Dkt. No. 43.) On April 7, 2016, Anderson and Conway filed a motion for leave to file a second

amended complaint to add two new plaintiffs, Kelly Nelson ("Nelson") and Juliette Morizur ("Morizur"), and to supplement the factual allegations in the FAC. (Dkt. No. 69.) Because SeaWorld's motion to dismiss was fully briefed, the Court considered SeaWorld's motion in the first instance. The Court considered the Plaintiffs' proposed second amended complaint to determine whether leave to amend would be futile.

On August 1, 2016, the Court granted, in part, and denied, in part, SeaWorld's motion to dismiss and denied the motion for leave to amend as moot. Although the Court found that the proposed second amended complaint did not adequately plead certain claims, it gave leave to include Morizur and Nelson as plaintiffs and gave Plaintiffs a further opportunity to amend their claims. *See Anderson v. SeaWorld Parks and Entertainment*, No. 15-cv-2172-JSW, 2016 WL 4076097, at *8-11 (N.D. Cal. Aug. 1, 2016).

On August 22, 2016, Plaintiffs filed their Second Amended Class Action Complaint ("SAC"). (Dkt. No. 81.) On September 8, 2016, SeaWorld moved to dismiss the SAC. (Dkt. No. 82.) On November 7, 2016, the Court granted, in part, and denied, in part, that motion. (Dkt. No. 90.)

On November 22, 2016, Plaintiffs filed their Third Amended Class Action Complaint ("TAC"). (Dkt. No. 94.) On December 13, 2016, SeaWorld moved to dismiss portions of the TAC. (Dkt. No. 99.) The Court denied SeaWorld's motion on January 30, 2017. Thereafter, the parties appeared for a case management conference, and the Court issued a scheduling order, which has been amended on two occasions. (Dkt. Nos. 107, 123, 133.) The parties also have engaged in discovery, which has not been without its disputes.

On October 30, 2017, SeaWorld filed this motion for a protective order. On the same day, it filed a motion for summary judgment, in which it raises a variety of arguments as to why Plaintiffs cannot prevail on their claims. On December 1, 2017, SeaWorld filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, which addresses many of the same facts that support its motion for summary judgment. (Dkt. Nos. 154, 156.)

In its motion for a protective order, SeaWorld asks the Court to stay discovery until the Court resolves its motion for summary judgment.

**ANALYSIS**

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding the discovery or specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss. *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).

In determining whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending dispositive motion can be decided absent additional discovery. *The Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); *see also In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). When the Court applies this test, it takes a "'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *In re Nexus6p Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (quoting *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011)). If the two above questions are answered affirmatively, the Court may issue a protective order. *Pacific Lumber,* 220 F.R.D. at 352. "However, if either prong of this test is not established,

| | |
|---|---|
| 1 | discovery proceeds." *Id.*[1] |
| 2 | The Plaintiffs do not argue that they need discovery to oppose SeaWorld's motion for |
| 3 | summary judgment. Indeed, that motion is fully briefed and was scheduled for a hearing on |
| 4 | December 8, 2017. The Court finds that SeaWorld has met its burden to show the second prong of |
| 5 | the *Pacific Lumber* test is satisfied. |
| 6 | SeaWorld moves for summary judgment on the basis that, *inter alia*, Plaintiffs lack |
| 7 | standing to pursue their claims. Plaintiffs do not dispute that a ruling in SeaWorld's favor on that |
| 8 | issue would be would be dispositive. *Cf. San Francisco Technology v. Kraco Enterprises, LLC*, |
| 9 | No. 11-cv-00355-EJD, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (noting that if court |
| 10 | ruled in favor of defendant, motion would dispose of case); *Smith v. Levine-Leichtman Capital* |
| 11 | *Partners, Inc.*, No. 10-cv-00010-JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011) |
| 12 | (rejecting plaintiffs' argument that a stay should be " limited to matters where the complaint is |
| 13 | facially deficient, utterly frivolous or completely devoid of merit"). By this Order, the Court is not |
| 14 | providing an opinion the merits of the motion for summary judgment. However, having taken a |
| 15 | "preliminary peek" at the motion, the Court cannot say with confidence that SeaWorld will be able |
| 16 | to show there are no material facts in dispute or that resolution of the motion will not raise issues |
| 17 | about the Plaintiffs' credibility. The Court concludes that SeaWorld has not met its burden to |
| 18 | show the first prong of the *Pacific Lumber* test is satisfied. |
| 19 | Accordingly, the Court DENIES the motion for a protective order. Because the facts |
| 20 | underlying SeaWorld's motion for summary judgment overlap with the facts supporting its motion |
| 21 | for sanctions, the Court concludes those motions should be considered together and HEREBY |
| 22 | RESCHEDULES the hearing on the motion for summary to February 2, 2018 at 9:00 a.m. If the |
| 23 | Court finds that either the motion for summary judgment or the motion for sanctions, or both, can |
| 24 | be resolved without oral argument, it will notify the parties in advance of the hearing date. |
| 25 | Finally, as the Court takes a closer look at the motion for summary judgment and the motion for |
| 26 | sanctions, the Court reserves the right to revisit this ruling and to issue an Order to Show Cause to |

---

[1] For ease of reference, the Court shall refer to this test as the *Pacific Lumber* test in the remainder of this Order.

4

Plaintiffs why discovery should not be stayed.

**IT IS SO ORDERED.**

Dated: December 18, 2017

_____
JEFFREY S. WHITE
United States District Judge