UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANDERSON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>        Defendant. | Case No. 15-cv-02172-JSW<br><br>**NOTICE OF QUESTIONS AND TENTATIVE RULINGS**<br><br>Re: Dkt. Nos. 136, 156 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULINGS AND QUESTIONS FOR THE HEARING SCHEDULED ON February 2, 2018, AT 9:00 a.m. **The Court advises the parties that the hearing will take place in Courtroom 3, United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, CA.**

The Court does not wish to hear the parties reargue matters addressed in their briefs, and the parties shall not file written responses to this Notice of Questions. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies of those authorities available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites but without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

1   The Court reminds all counsel of the Northern District's Guidelines for Professional
2   Conduct.  The parties' briefs contain a measure of incivility that is unbecoming to counsel and
3   shall not be tolerated by this Court.  At oral argument on this motion, counsel shall focus on the
4   facts that support their legal arguments and shall not make *ad hominem* attacks on opposing
5   counsel or opposing counsel's arguments.

**MOTION FOR SUMMARY JUDGMENT.**

The Court **tentatively denies, in part,** Defendant's motion as follows: (1) there are disputed issues of fact pertaining to Nelson's testimony that preclude the Court from concluding she is relying on a lack of substantiation theory; and (2) there are disputed issues of fact regarding whether Morizur has abandoned her claim for restitution.  The Court does not require argument on these issues, which have been adequately briefed by the parties.  The Court reserves issuing a tentative ruling on the remaining aspects of the motion.

1.   In opposition to Defendant's argument that Anderson has not proved he relied on Defendant's statements regarding orca lifespans and calf separation, Plaintiffs cite to portions of Anderson's testimony suggesting that he saw such statements before he visited SeaWorld and did not necessarily believe them to be false at that time.  (*See* Declaration of Tracy Zinsou ("Zinsou Decl."), ¶ 6, Ex. E (Deposition of Mark Anderson ("Anderson Depo.") at 233:7-234:7, 264:21-266:9, 267:12-24.)  The Court shall accept as true that Anderson saw the alleged statements he contends were false, as set forth in the Third Amended Complaint ("TAC").  However, seeing those statements does not necessarily establish that he relied on them when he purchased the Shamu plush.

Anderson denied that that he was "thinking about SeaWorld separating calfs [*sic*] from their mothers" or "that the whales at SeaWorld don't live as long as whales in the wild" at the time he purchased the Shamu plush.  (*See* Declaration of John M. Simpson ("Simpson Decl."), ¶ 5, Ex. D (Anderson Depo. at 139:3-10).)

a.   Why does this testimony not undermine the conclusion that Defendant's representations on those subjects "played a substantial part, and so [were] a substantial factor, in influencing his decision."  *In re Tobacco II Cases*, 46 Cal. 4th 289, 326 (2009).

2

  b. Where in the record can the Court find testimony that establishes a link between the representations that SeaWorld does not separate calves from their mothers or that the lifespans of orcas in captivity are similar to the lifespans of those in the wild and Anderson's decision to purchase the Shamu plush?

  c. What is Anderson's best argument that he has demonstrated a disputed issue of material fact by way of testimony that had he known the truth about Defendant's "treatment or mistreatment of animals," a statement not clearly linked to the allegations in the TAC, he would not have purchased the Shamu plush?  (*See* Zinsou Decl., ¶ 6, Ex. E (Anderson Depo. at 175:3-8).)

 2. Defendant argues that Nelson does not have standing under any of her claims, because she did not personally purchase her ticket.  Does Defendant have any additional authority to support the proposition that if a person relies on an alleged misrepresentation and decides to make a purchase based on that representation, that person must physically conduct the transaction at issue?

 3. The CLRA defines as "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."  Cal. Civ. Code § 1761(d).

  a. Should the Court's analysis on the issue of Nelson's statutory standing under the FAL and the UCL differ from its analysis under the CLRA?

  b. What is Nelson's best argument that she would fall within that statutory definition?

 4. Can Nelson point to any other portion of her deposition to show she was exposed to Defendant's statements on television other than through the *Blackfish* film?  Is Nelson basing her claim on statements made in *Blackfish*?  If so, what is Nelson's best argument that those statements would suffice to prove her claim under the FAL?  Cal. Bus. & Prof. Code § 17500; *In re Jamster Mktg. Litig.*, No. 05-cv-0819JM (CAB), 2009 WL 1456632, at *9 (S.D. Cal. May 22, 2009) ("An actionable statement under FAL requires that a statement must be (1) widely disseminated to the public and (2) for the purpose of influencing consumers to purchases goods or services.").

 5. On what authority besides *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir.

1   2003) does Defendant rely to support its position that Nelson's testimony that statements on

2   SeaWorld's website looked familiar and that she relied on those statements before purchasing her

3   ticket is not sufficient to establish reliance? *See, e.g., In re iPhone Application Litig.*, 6 F. Supp.

4   3d 1004, 1020 (N.D. Cal. 2013) (stating to establish standing on motion for summary judgment

5   "Plaintiffs must point to specific facts indicating that Plaintiffs actually saw the

6   *misrepresentations* about which they complain, and that those misrepresentations were 'substantial

7   factor [s]' in Plaintiffs' decisions to purchase [the Products]") (emphasis added).

8         6.    In light of the Court's ruling on the "long term advertising campaign," what is

9   Nelson's best authority that she is not required to identify with particularity the actual

10  advertisement or website page on which she relied to survive SeaWorld's motion? *Cf. Reed v.*

11  *NBTY, Inc.*, No. EDCV 13-0142 JGB (OPx), 2014 WL 1284044, at \*\* (C.D. Cal. Nov. 18, 2014)

12  ("Plaintiffs do not have standing to assert claims based on representations they did not actually

13  view, even if similar representations appeared on Defendants' products or websites.").

## MOTION FOR SANCTIONS

15  The Court reserves issuing a tentative ruling on the motion for sanctions.

16        1.    Local Rule 3-15(a) provides that "[u]pon making a first appearance in any

17  proceeding in this Court, each party must file with the Clerk a 'Certification of Interested Entities

18  or Persons' pursuant to this Rule." *See also* Local Rule 3-15(b) (same).  Based on the Court's

19  review of the record, Plaintiffs did not disclose that Earth Island Institute and the International

20  Marine Mammal Project had an interest in this case until the parties filed a joint case management

21  conference statement on September 18, 2015, well after Plaintiffs' first appearance in this Court.

22  How does counsel justify this delay, and what, if any inference, should the Court draw from it?

23        2.    Defendant argues that the Court should impose sanctions, because some of

24  Plaintiffs' allegations are false.  If the Court finds there are disputed issues of fact on Defendant's

25  motion for summary judgment and does not accept Defendant's view of Plaintiffs' deposition

26  testimony, would Defendant agree that the Court should deny the Rule 11 motion, to the extent it

27  is based on alleged violations of Rule 11(b)(3)?  If not, on what authority would Defendant rely to

28  support its position?

4

1  As to either motion, are there any other issues the parties wish to address?

2  **IT IS SO ORDERED.**

3  Dated: January 31, 2018

_____
JEFFREY S. WHITE
United States District Judge