UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANDERSON, ET AL., <br> Plaintiffs, <br> v. <br> SEAWORLD PARKS AND ENTERTAINMENT, INC., <br> Defendant. | Case No. 15-cv-02172-JSW (JCS) <br><br> **ORDER REQUIRING IN CAMERA REVIEW OF PURPORTEDLY PRIVILEGED PUBLIC RELATIONS DOCUMENTS** <br><br> Re: Dkt. No. 249 |

The parties dispute whether "certain documents in possession of [Defendant SeaWorld Parks and Entertainment, Inc.'s ('SeaWorld's')] advertising and public relations agencies" are protected by the attorney client privilege and/or the attorney work product doctrine. *See* dkt. 249 at 1. It is conceivable that in some circumstances, communications involving a public relations firm might fall within the scope of attorney-client privilege or attorney work product protection. *See Behunin v. Superior Court*, 9 Cal. App. 5th 833, 849–50 (2017) ("There may be situations in which an attorney's use of a public relations consultant to develop a litigation strategy or a plan for maneuvering a lawsuit into an optimal position for settlement would make communications between the attorney, the client, and the consultant reasonably necessary for the accomplishment of the purpose for which the attorney was consultant."). SeaWorld has cited no case, however, in which such communications were actually held to fall within privilege or work product protection under California law. The mere fact that such communications relate to litigation is not sufficient—if the communications were intended to develop a public relations strategy in response to litigation, rather than to develop strategy for the litigation itself, they are not privileged. *See id.* at 850 (holding that communications were not privileged absent "some explanation of how the communications assisted the attorney in developing a plan for resolving the litigation").

Given the parties' divergent views of the nature of the communications at issue, the fact

that other communications with the public relations firms—which SeaWorld has produced—did not relate to litigation, and the apparently unprecedented (in California) nature of a potential ruling that these communications are privileged, the Court is "unable to [resolve the issue] without requiring [in camera] disclosure of the information claimed to be privileged." *See* Cal. Evid. Code § 915(b). Each party is ordered to select no more than ten disputed documents for in camera review no later than November 30, 2018, and SeaWorld is ORDERED to lodge those documents with chambers no later than December 7, 2018. Each party may concurrently file a brief not exceeding ten pages addressing the documents selected. SeaWorld may redact portions of its brief as necessary to avoid disclosing information it believes to be protected, with an unredacted version to be filed ex parte and under seal, and not disclosed to Plaintiffs unless the Court determines that the privilege does not apply or that SeaWorld's redactions are otherwise unwarranted.

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge