United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARC ANDERSON, et al.,

Plaintiffs,

v.

SEAWORLD PARKS AND
ENTERTAINMENT, INC.,

Defendant.

Case No. 15-cv-02172-JSW

**ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS;
GRANTING MOTION TO
BIFURCATE; DEFERRING RULINGS
ON DAUBERT MOTIONS AND
SETTING STATUS CONFERENCE**

Re: Dkt. Nos. 294, 304, 306, 307, 309, 311,
and 317-319

Now before the Court for consideration is the motion for judgment on the pleadings and the motion to bifurcate the trial, filed by Defendant SeaWorld Parks and Entertainment, Inc. ("SeaWorld"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court previously found the motion for judgment on the pleadings suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court also finds the motion to bifurcate suitable for disposition without oral argument, and it VACATES the hearing set for September 6, 2019 on the motion to bifurcate and on the parties' *Daubert* motions.

The Court hereby DENIES Sea World's motion for judgment on the pleadings and GRANTS Sea World's motion to bifurcate. In light of the latter ruling, the Court shall defer ruling on the *Daubert* motions. The Court ORDERS the parties to appear on September 27, 2019 at 11:00 a.m. for a status conference.

**BACKGROUND**

The Court has set forth the facts underlying this dispute in several prior orders, including the Court's Order resolving SeaWorld's motion for summary judgment on the issue of standing.

*Anderson v. SeaWorld Parks & Entertainment, Inc.*, No. 15-cv-2172-JSW, 2018 WL 1981396 (N.D. Cal. Feb. 20, 2018).  Accordingly, the Court shall not repeat those facts in this Order.  In brief, Plaintiffs, Marc Anderson ("Anderson"), Kelly Nelson ("Nelson"), and Juliette Morizur ("Morizur"), allege SeaWorld has engaged in conduct that violates California's False Advertising Law (the "FAL Claim"), California's Unfair Competition Law (the "UCL Claim"), and California's Consumer Legal Remedies Act (the "CLRA Claim").

With respect to Ms. Morizur's claims, she alleges that she visited SeaWorld, San Diego on April 11, 2012.  During that visit, she asked SeaWorld trainers questions about captive orca's collapsed dorsal fins.  (Third Amended Complaint ("TAC"), ¶ 20.)  Ms. Morizur alleges that in addition to telling her collapsed dorsal fins are normal, they told her that "captivity in general does not harm orcas" (the "Captivity Statement").  (*Id.*)  SeaWorld argues that the Captivity Statement is non-actionable puffery and moves for judgment on the pleadings on that basis.

SeaWorld also continues to challenge Plaintiffs' standing to pursue injunctive relief under Article III and their statutory standing to pursue the UCL, FAL, and CLRA claims.[1]  It now moves to bifurcate the trial and proceed with its third affirmative defense, lack of standing, prior to a trial on the merits of Plaintiffs' claims.

The Court will address additional facts as necessary in its analysis.

## ANALYSIS

### A.     The Court Denies SeaWorld's Motion for Judgment on the Pleadings.

#### 1.     Legal Standard.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the

---

[1]     In order to show they have statutory standing to pursue these claims, each Plaintiff must be able to show they suffered an injury in fact and lost money or property as a result of SeaWorld's conduct.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011); *see also Hinojos v. Kohls Corp.*, 718 F.3d 1098, 1103-04, 1107-08 (9th Cir. 2013).  In order to show they have Article III standing to seek injunctive relief, each Plaintiff must "demonstrate that he [or she] has suffered or is threatened with a concrete and particularized legal harm coupled with a sufficient likelihood that he [or she] will again be wronged in a similar way." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal quotations and citations omitted); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  The latter inquiry turns on whether the plaintiff has a "'real and immediate threat of repeated injury.'" *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

pleadings "[a]fter the pleadings are closed – but early enough not to delay trial[.]"  A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the claims asserted in the complaint.  A Rule 12(c) motion is "functionally identical" to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal 2008).

Judgment on the pleadings should not be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "For purposes of the motion, the allegations of the non-moving party must be accepted as true . . .  Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(c) motion, but "a court may consider facts that are contained in materials of which the court may take judicial notice."  *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted).  A court may also consider documents attached to the complaint or "documents whose contends are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted).

### 2.    The Court Will Not Deny the Motion as Untimely.

Plaintiffs argue the Court should deny SeaWorld's motion on the basis that it is untimely.  Plaintiffs argue they have been unduly prejudiced by the delay because they have expended significant resources over the course of the past two years, including engaging in extensive discovery.  The Plaintiffs have alleged since the outset of this litigation that SeaWorld's representations that captivity does not harm orcas are misleading.  When Ms. Morizur joined the

3

litigation, she asserted the Captivity Statement was misleading. (*See, e.g.,* Dkt. No. 1, Notice of Removal, Ex. A, Compl. ¶¶ 19-20; Dkt. No. 9, Supplement to Notice of Removal, Ex. A, First Amended Complaint ("FAC") ¶¶ 1-10, 19-20; Dkt. No. 77, Proposed Second Amended Complaint, ¶¶ 4-9, 17-20; Dkt. No. 80, Order Granting in Part and Denying in Part Motion to Dismiss, With Leave to Amend at 3:7, 16:6.)

This is the first time SeaWorld has raised the puffery argument as a basis to dismiss Ms. Morizur's claim, although it filed motions to dismiss earlier iterations of the complaint. Plaintiffs filed the TAC in November 2016, and SeaWorld filed its answer to the TAC in February 2017. Therefore, the pleadings have been closed for well over two years. The record also demonstrates SeaWorld has viewed the statement as non-actionable since at least September 2017. (Declaration of Tracy O. Zinsou, ¶ 2, Ex. A (Transcript of Hearing Sept. 2, 2017 at 39:15-41:18.) Yet, SeaWorld filed a motion for summary judgment in October 2017, in which it challenged Plaintiffs' standing but not did not assert that the Captivity Statement – or any other statement – was not actionable.

Plaintiffs rely, in part on *Perez v. Oak Grove Cinemas, Inc.*, in which the court denied a Rule 12(c) motion filed after the parties had engaged in extensive discovery on the basis that it would be inappropriate to apply *Twombly*'s plausibility standard at that point in the litigation. No. 13-cv-00728-HZ, 2014 WL 1796674, at *3-4 (D. Or. May 15, 2014) ("*Oak Grove Cinemas*") However, courts within this district have declined to follow *Oak Grove Cinemas* on the basis that its view that "a Rule 12(c) motion is not appropriate where there has been substantial discovery does not appear to be supported by Rule 12(c)," which requires that the motion not delay trial. *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014); *see also Amey v. Cinemark USA, Inc.*, No. 13-cv-05569-WHO, 2015 WL 2251504, at *17-18 (N.D. Cal. May 13, 2015), *rev'd on other grounds Brown v. Cinemark USA, Inc.*, 705 Fed. App'x 644 (9th Cir. 2017).

Based on the plain language of Rule 12(c), the Court declines to follow the reasoning in the *Oak Grove Cinemas* case. SeaWorld filed this motion on May 10, 2019, and at that time trial was scheduled to begin in October 2019. Trial is now scheduled for April 2020, although as discussed below the Court will bifurcate the issue of standing from the merits. There is no doubt

4

that SeaWorld has been aware of this argument and relied on it to argue about the breadth of Plaintiffs' discovery requests. It provides no explanation for not raising this issue earlier. However, its motion will not delay trial. Therefore, the Court will consider the merits of the motion.

### 3. The Court Concludes the Captivity Statement is Actionable.

In order to prove her UCL claim, Ms. Morizur will be required to show that members of the public are likely to be deceived by the Captivity Statement. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Whether a statement is deceptive is an issue of fact not generally appropriate for decision on a motion to dismiss.[2] *See, e.g., id*. at 938-39 (citing *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007)). However, some courts have dismissed claims under the UCL, and similar statutes, on the basis that the alleged misrepresentations were not false, misleading, or deceptive as a matter of law. *See, e.g., Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (holding that reading flyer as a whole dispelled plaintiff's allegation that a particular statement was deceptive).

SeaWorld argues the Captivity Statement is non-actionable puffery.

> A statement is considered puffery if the claim is extremely unlikely to induce consumer reliance. Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim. The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions. Thus, a statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery.

*Newcal Indus., Inc. v. IKON Office Solution,* 513 F.3d 1038, 1053 (9th Cir. 2008) (internal quotations and citations omitted).

The crux of the parties' dispute focuses on the phrase "in general." In the Court's view, if the statement were simply "captivity does not harm orcas," there would be no issue that the

---

[2]   Unlike many of the cases on which both parties rely, the Captivity Statement was not made in a formal advertisement or on a product label. It was made by SeaWorld employees in response to a question posed by Ms. Morizur.

statement is specific and quantifiable.  To the extent SeaWorld argues the word "harm" renders the statement vague or subjective, the Court does not find its argument persuasive.  The Court also concludes that the phrase "in general" does not transform the statement into non-actionable puffery.  In the context in which it was made, the Court cannot say as a matter of law that it is the type of statement that would be "extremely unlikely to induce consumer reliance."  *Newcal*, 513 F.3d at 1053.

Accordingly, the Court DENIES SeaWorld's motion for judgment on the pleadings.

**B.      The Court Grants the Motion to Bifurcate.**

Federal Rule of Civil Procedure 42(b) provides, in pertinent part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  The determination of whether to bifurcate a trial is a matter within the Court's discretion.  *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).  "Factors to be considered when determining whether to bifurcate a trial include: avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion."  *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001) (citation omitted).[3]  SeaWorld, as the moving party, bears the burden of demonstrating that bifurcation is warranted.  *See Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

SeaWorld contends that the evidence of Plaintiffs' standing is easily separable from the evidence on the merits of the case.  It also argues that addressing this issue first would be more efficient.  According to SeaWorld, it would take two to three days to resolve the standing issue, in comparison to hearing weeks of expert testimony on the merits of the claims.  SeaWorld also argues that Plaintiffs' ability to show they have standing is doubtful and, thus, there is a strong likelihood that a bifurcated trial would obviate a need for a trial on the merits.

The Court concludes SeaWorld has met its burden to show that bifurcating the issue of

---

[3]      Because the Court will be the finder of fact, SeaWorld concedes that the risk of jury confusion and the risk of undue prejudice based on admission of evidence that may have limited relevance to the claims are not at issue.

United States District Court
Northern District of California

United States District Court
Northern District of California

standing from the merits could obviate the need for a trial on the merits. In particular, the Court concludes SeaWorld has the more persuasive argument that the evidence needed to establish standing will not necessarily overlap with the merits of the case. Based on the facts of this case, the Court also is not persuaded that by Plaintiffs' argument that expert testimony would be necessary to establish Article III standing to seek injunctive relief. Further, the Court concludes that, on balance, the record in this case demonstrates that conducting a separate bench trial on the issue of standing before proceeding to the merits would be more efficient and expeditious.

Accordingly, the Court exercises its discretion to GRANT SeaWorld's motion to bifurcate. In light of this ruling, the Court will defer resolving the *Daubert* motions. The parties shall appear on September 27, 2019 for a status conference. By no later than September 20, 2019, the parties shall submit a joint status conference statement that outlines their views on the length of a trial on standing, the witnesses to be presented and time estimates, whether they would be amenable to presenting direct testimony by way of declaration, and proposed dates for pretrial and trial on that phase of the proceedings. The parties' pretrial filings would be due based on the proposed dates for the pretrial conference.

**IT IS SO ORDERED.**

Dated: August 30, 2019

_____
JEFFREY S. WHITE
United States District Judge

7