KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
LAWRENCE Y. ISER (SBN 094611)
liser@kwikalaw.com
KRISTEN L. SPANIER (SBN 181074)
kspanier@kwikalaw.com
KATHERINE T. KLEINDIENST (SBN 274423)
kkleindienst@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone:  (310) 566-9800
Facsimile:  (310) 566-9850

DUANE MORRIS LLP
JOHN M. SIMPSON (admitted *pro hac vice*)
jmsimpson@duanemorris.com
MICHELLE C. PARDO (admitted *pro hac vice*)
mcpardo@duanemorris.com
REBECCA E. BAZAN (admitted *pro hac vice*)
rebazan@duanemorris.com
505 9th Street NW
Suite 1000
Washington, DC  20004
Telephone:     (202) 776-7800
Facsimile:     (202) 776-7801

Attorneys for Defendant SeaWorld Parks & Entertainment, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARC ANDERSON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>        Defendant. | Civil Action No.  4:15-cv-02172-JSW (JCS)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DATE: JULY 12, 2019**<br>**TIME: 9:00 A.M.**<br>**ROOM: COURTROOM 5**<br>**JUDGE: Hon. Jeffrey S. White** |

4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 12, 2019, at 9:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Jeffrey S. White in Courtroom 5 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Defendant SeaWorld Parks and Entertainment, Inc. ("SeaWorld") will and hereby does move the Court for an order precluding Dr. David Duffus from testifying as an expert witness at trial.

This Motion is made on the grounds that, pursuant to Federal Rule of Evidence 702, Dr. Duffus is not qualified to render opinions on the majority of the subject matters of his proposed testimony, and/or the opinions he intends to render are irrelevant, unreliable, or both.

First, Dr. Duffus' opinion that the statement regarding separation of killer whale mothers and calves allegedly relied upon by plaintiff Kelly Nelson in purchasing a SeaWorld ticket is "false, or at the very least, misleading" is an improper legal conclusion which seeks to usurp the Court's role in applying the facts to the law, and thus inadmissible.

Second, Dr. Duffus' opinion on the meaning of the term "calf" is unreliable, and his opinion that, under his definition, ██████████████████████ ████████████████ improperly seeks to provide an opinion which the trier of fact is equally capable of reaching. Dr. Duffus also does not possess any specialized knowledge that qualifies him to render the opinion on separation, and the opinion itself is unreliable.

Third, Dr. Duffus should be precluded from testifying that "SeaWorld's movement and artificial groupings of killer whales cannot be said to maintain a 'healthy social structure'" because he is not qualified to render the opinion, and the opinion is unreliable as it is unfounded and based entirely on speculation.

///

///

///

///

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Lawrence Y. Iser (and exhibits thereto), all pleadings on file in this action, and any additional evidence or argument presented at or before the hearing on this matter.

DATED: June 7, 2019                    KINSELLA WEITZMAN ISER KUMP & ALDISERT, LLP


                                       By:    _____*/s/ Lawrence Y. Iser*_____
                                              Lawrence Y. Iser
                                              Attorneys for Defendant SeaWorld Parks & Entertainment, Inc.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT ........................................................................................................ vi

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1

I.      INTRODUCTION ................................................................................................................. 1

II.     STATEMENT OF RELEVANT FACTS ............................................................................. 1

III.    LEGAL STANDARD .......................................................................................................... 2

IV.     DR. DUFFUS SHOULD BE EXCLUDED AS AN EXPERT WITNESS .......................... 3

        A.      Dr. Duffus' Opinion That the Statement Is "False" or "Misleading" Is An
                Improper Legal Conclusion .................................................................................... 3

        B.      Dr. Duffus Should Be Precluded From Opining ████████████
                ████████████████████████ .......................................................... 4

                1.      Dr. Duffus' Opinion Regarding the Meaning of Calf is Unreliable ............. 5

                2.      The Court Does Not Need Assistance to Determine Whether
                        ████████████████████████████ and Dr. Duffus Has No
                        Specialized Knowledge on the Topic ........................................................ 6

                3.      Dr. Duffus' Opinion Regarding Separation Is Wholly Unreliable ............... 8

        C.      Dr. Duffus Should Be Precluded From Offering His Opinion Regarding the
                Health of SeaWorld's Killer Whales' Social Structures ......................................... 9

                1.      Dr. Duffus Is Not Qualified to Render The Proffered Opinions ................... 9

                2.      Dr. Duffus' Opinions Are Unreliable ........................................................ 12

        D.      Dr. Duffus' Summaries of SeaWorld Statements Are Not Proper Expert
                Testimony and Should Be Excluded ...................................................................... 14

V.      CONCLUSION .................................................................................................................. 14

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800  •  FAX 310.566.9850

4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

**TABLE OF AUTHORITIES**

**CASES**

*Beech Aircraft Corp v. U.S.*,
   51 F.3d 834 (9th Cir. 1995) .......................................................................................... vi, 6, 7

*California ex rel. Harris v. Safeway, Inc.*,
   651 F.3d 1118 (9th Cir. 2011) ............................................................................................. 9

*Cooper v. Smith & Nephew, Inc.*,
   259 F.3d 194 (4th Cir. 2001) .............................................................................................. 5

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) .................................................................................................... vi, 3, 8

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ............................................................................................... 3

*Estate of Stuller v. U.S.*,
   811 F.3d 890 (7th Cir. 2016) ........................................................................................ 10, 11

*Gable v. NBC*,
   727 F.Supp.2d 815 (C.D. Cal 2010) .................................................................................. 12

*General Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ..................................................................................................... vi, 13

*In re ConAgra Foods, Inc.*,
   302 F.R.D. 537 (C.D. Cal. 2014) ........................................................................................ 4

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices and Prod. Liab.
   Litig*,
   978 F.Supp.2d 1053 (C.D. Cal. 2013) ................................................................................. 5

*Jinro American Inc. v. Secure Investments, Inc.*,
   266 F.3d 993 (9th Cir. 2001) ............................................................................................. 11

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
   305 F.R.D. 164 (N.D. Cal. 2015) ........................................................................................ 3

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ............................................................................................................. 3

*Laux v. Mentor Worldwide, LLC*,
   295 F.Supp.3d 1094 (C.D. Cal. 2017) ............................................................................... 13

*Lucido v. Nestle Purina Petcare Co.*,
   217 F.Supp.3d 1098 (N.D. Cal. 2016) ........................................................................... 9, 11

*Martinez v. Rabbit Tanaka Corp.*,
   2006 U.S. dist. LEXIS 97084 (S.D. Fla. Jan. 5, 2006) ..................................................... 14

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Milne v. USA Cycling Inc.*,
    575 F.3d 1120 (l0th Cir. 2009) ...................................................................................... 10, 11

*Mullins v. Premier Nutrition Corp.*,
    178 F.Supp.3d 867 (N.D. Cal. 2016) .......................................................................... vi, 3, 9

*Perkins v. U.S.*,
    626 F.Supp.2d 587 (E.D. Va. 2009) .................................................................................. 14

*Perry v. Schwarzenegger*,
    704 F.Supp.2d 921 (N.D. Cal. 2010) ............................................................................... 5, 6

*Pooshs v. Philip Morris USA, Inc.*,
    904 F.Supp.2d 1009 (N.D. Cal. 2012) ............................................................................... 3

*Ralston v. Mortg. Inv'rs Grp., Inc.*,
    2011 WL 6002640 (N.D. Cal. Nov. 30, 2011) .................................................................. 11

*S.E.C. v. Leslie*,
    2010 WL 2991038 (N.D. Cal. July 29, 2010) ................................................................. 4, 14

*Stonefire Grill, Inc. v. FGF Brands, Inc.*,
    987 F.Supp.2d 1023 (C.D. Cal. 2013) ............................................................................... 14

*U.S. ex rel. Kelly v. Serco, Inc.*,
    846 F.3d 325 (9th Cir. 2017) ......................................................................................... vi, 4

*U.S. v. Barile*,
    286 F.3d 749 (4th Cir. 2002) .............................................................................................. 4

*U.S. v. Seschillie*,
    310 F.3d 1208 (9th Cir. 2002) ........................................................................................ 6, 7

*Wehling v. Sandoz Pharms. Corp.*,
    1998 U.S. App. LEXIS 38866 (4th Cir. Aug. 20, 1998) ..................................................... 11

*Woods v. Lecureux*,
    110 F.3d 1215 (6th Cir. 1997) ............................................................................................. 4

**STATUTES**

Fed. R. of Evid. 702 ............................................................................................... vi, 3, 6, 8

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**SUMMARY OF ARGUMENT**

Plaintiffs have designated Dr. David Duffus to offer three expert opinions at trial: (1) that the statement regarding separation of killer whale mothers and calves allegedly relied upon by plaintiff Kelly Nelson in purchasing a SeaWorld ticket is "false, or at the very least, misleading;" (2) that SeaWorld's definition of the term calf "is not accepted in the scientific community" and

███████████████████████████████████████████████

███   and (3) that "SeaWorld's movement and artificial groupings of killer whales cannot be said to maintain a 'healthy social structure.'"

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) and Federal Rule of Evidence 702 require this Court to act as a gatekeeper and exclude expert testimony *unless* the proponent demonstrates that the expert is qualified to offer the opinion, and the expert's opinion is both relevant and reliable.  Dr. Duffus' opinions do not meet these three requirements.

Dr. Duffus' first opinion is an improper legal conclusion which seeks to usurp the Court's role in applying the facts to the law, and thus inadmissible.  *U.S. ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 337 (9th Cir. 2017).

Dr. Duffus' second opinion includes an opinion on the meaning of calf and on ███████

██████████████████████████████████   The opinion on the meaning of calf is unreliable as it is unsupported and contradicted by Dr. Duffus' own deposition testimony.  The opinion regarding separation is likewise inadmissible because it improperly seeks to provide an opinion which the trier of fact is equally capable of reaching (*Beech Aircraft Corp v. U.S.*, 51 F.3d 834, 842 (9th Cir. 1995)) and because Dr. Duffus does not possess any specialized knowledge which makes him qualified to render the opinion.  The opinion is also unreliable.

Dr. Duffus' third opinion also should be excluded because Dr. Duffus is not qualified to render the opinion (*Mullins v. Premier Nutrition Corp.*, 178 F.Supp.3d 867 (N.D. Cal. 2016)) and the opinion is unfounded and based entirely on speculation, thereby rendering it unreliable (*General Elec. Co. v. Joiner*, 522 U.S. 136, 137 (1997)).

The Court therefore should preclude Dr. Duffus from offering his expert opinions at trial.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs Marc Anderson, Kelly Nelson, and Juliette Morizur ("Plaintiffs") seek to offer the expert testimony of Dr. David Duffus to support their claim that the following statement (the "Statement") by defendant SeaWorld Parks and Entertainment, Inc. ("SeaWorld"), allegedly relied upon by Kelly Nelson to purchase a ticket to SeaWorld, was false or misleading:

> We do not separate killer whale moms and calves. SeaWorld recognizes the important bond between mother and calf. On the rare occasion that a mother killer whale cannot care for the calf herself, we have successfully hand raised and reintroduced the calf.  Whales are only moved to maintain a healthy social structure.

*See* Iser Declaration filed concurrently herewith ("Iser Decl."), Ex. 1 at 5, ¶ 13.

In the expert report submitted by Dr. Duffus (the "Report"), Dr. Duffus offers three main opinions: (1) that the Statement is "false, or at the very least, misleading;"[1] (2) that "[a]vailable data and scientific literature show that the term calf is ambiguous and SeaWorld's adopted definition is not accepted in the scientific community" and ██████████████ ████████████████████████████████████ and (3) that "SeaWorld's movement and artificial groupings of killer whales cannot be said to maintain a 'healthy social structure.'"  Iser Decl., Ex. 1 at 5-6, ¶ 14.

Dr. Duffus should be precluded from offering each of his opinions at trial.  As discussed below, not only does he lack the specialized knowledge regarding killer whales in a zoological setting required to assist the trier of fact in understanding the issues, he also fails to employ reliable principles and methods in reaching his opinions and relies upon insufficient facts and data.

## II.    STATEMENT OF RELEVANT FACTS

Dr. Duffus is an Associate Professor in the Department of Geography at the University of Victoria in British Columbia.  Iser Decl., Ex. 1 at 3, ¶ 6.  His claimed areas of expertise include "marine mammal behaviour and ecology, biogeography, and management," but Dr. Duffus

---

[1] At his deposition, Dr. Duffus clarified that he is only opining that the first and last sentences of the Statement are false and misleading.  Iser Decl., Ex. 3 at 112:6-20, 114:24-115:17.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

concedes that his expertise in biogeography and management do not relate to the issues in this case. *Id*., Ex. 1 at 4, ¶ 7; Ex. 3 at 51:1-4, 52:12-15. Dr. Duffus' experience in "ecology" relates to his study of interaction webs – "routes by which energy flows from the bottom of a food web to the top" that have implications for behavior of animals in a given ecosystem. Not only is this topic irrelevant to the issue in the case, but Dr. Duffus has never studied interaction webs in a zoological setting. *Id*., Ex. 3 at 49:2-24. As for marine mammal behavior, Dr. Duffus' experience is limited to behaviors that marine mammals undertake *in the wild* and he does not consider himself an expert "in marine mammal behavior in zoological setting." *Id.*, at 48:5-49:1.

In fact, Dr. Duffus has absolutely no experience of any kind with killer whales in a zoological setting. He has never trained a killer whale. Nor does he have any medical training as a veterinarian. Iser Decl., Ex. 3 at 66:2-9, 74:1-3, 80:25-81:7. He has not conducted any research or studies of killer whales in a zoological setting, and *does not consider himself to be an expert in the life of a killer whale in a zoological setting*. *Id*., at 64:17-66:1, 67:16-24, 79:11-14, 80:4-7. The foundation of Dr. Duffus' experience with killer whales is based solely upon his observation of them *in the wild* from a distance of at least 100 yards. *Id.*, at 62:2-9, 68:8-21. Even this experience is limited in that his observational experience has only involved killer whales in the Pacific Northwest. *Id.*, at 68:23-69:6.

Dr. Duffus also has no experience whatsoever interacting directly with killer whales. Iser Decl., Ex. 3 at 68:17-21. During his studies, he does not come close enough to the killer whales to engage in physical contact. *Id.*, at 60:24-62:9, 68:8-21. He has also never studied or analyzed the effects of operant conditioning, which SeaWorld uses to train its killer whales. *Id.*, at 73:3-7. His lack of experience with killer whales in a zoological setting leaves him unequipped to opine on SeaWorld's killer whales, most of which were born at SeaWorld and have experienced human interaction from birth. This is particularly true given his concession that human contact likely influences the behavior of killer whales. *Id.*, at 74:25-75:3.

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." In *Daubert* and its progeny, the Supreme Court held that it is the district court's duty to act as a gatekeeper and ensure that the requirements of the Federal Rules of Evidence are met before admitting an expert's testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 152 (1999).

The first requirement of Rule 702 is that the expert must be "qualified" to offer each opinion proffered by that expert. *Mullins v. Premier Nutrition Corp.*, 178 F.Supp.3d 867, 900 (N.D. Cal. 2016) (emphasis added). The requirements in subdivisions (a) through (d) of Rule 702 "can be distilled to two overarching considerations: 'reliability and relevance.'" *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 176 (N.D. Cal. 2015). ""The reliability prong requires the court to 'act as a "gatekeeper" to exclude junk science,' and grants the court 'broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability.'" *Id.* (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)). "The relevance prong looks to whether the evidence 'fits' the issues to be decided." "'Expert testimony which does not relate to any issue in the case is not relevant.'" *Id.* (quoting *Daubert*, 509 U.S. at 591). "The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements are met." *Pooshs v. Philip Morris USA, Inc.*, 904 F.Supp.2d 1009, 1016 (N.D. Cal. 2012).

## IV.    DR. DUFFUS SHOULD BE EXCLUDED AS AN EXPERT WITNESS

Dr. Duffus is not qualified to testify as an expert, and his opinions do not come close to meeting the requirements of relevance and reliability.

### A.    Dr. Duffus' Opinion That the Statement Is "False" or "Misleading" Is An Improper Legal Conclusion

Dr. Duffus' first opinion is that SeaWorld's Statement is "false, or, at the very least, misleading." Iser Decl., Ex. 1 at ¶¶ 14, 12-14, 27-30, 35, 40, 49. Dr. Duffus should be precluded

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

from offering the opinion at trial because it is an irrelevant and inadmissible legal conclusion.

"Under Federal Rule of Evidence 702, matters of law are inappropriate subjects for expert testimony." *U.S. ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 337 (9th Cir. 2017); *see also Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("It is, therefore, apparent that testimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excluded under the Rules"); *U.S. v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) ("[e]xpert testimony that merely states a legal conclusion is less likely to assist the jury in its determination" and is thus properly excluded under the Rules).

In *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 558 (C.D. Cal. 2014), consumers brought a putative class action against a cooking oil manufacturer, claiming that it "falsely and deceptively" marketed its oil as "natural" in violation of various statutes, and sought to offer expert testimony on the issue. The court precluded the expert from offering testimony on whether the products were falsely and deceptively labeled, explaining that the terms "'false' and 'deceptive' are judicially defined terms," and the expert's "use of [the] terms constitutes the offering of an improper legal opinion that usurps the role of the court." *Id*. Similarly, in *S.E.C. v. Leslie*, 2010 WL 2991038, at \*9 (N.D. Cal. July 29, 2010), the court excluded an expert's opinion regarding whether the defendant's statements were "misleading," because that issue was for the trier of fact to determine. The Court explained that "use of expert testimony is not permitted if it will usurp . . . the role of the jury in applying [the] law to the facts before it." *Id*., at \*9.

Here, Dr. Duffus' opinion that the Statement is "false" or "misleading" – terms with a separate, distinct and specialized meaning under the statutes at issue – is an improper legal conclusion. At best, Dr. Duffus is looking at facts that the trier of fact will be looking at, and opining as to whether such facts establish that the Statement is false or misleading. This is not the domain for an expert witness. Dr. Duffus should be precluded from offering the opinion at trial.

### B.    Dr. Duffus Should Be Precluded From Opining ███████████████████

The second opinion that Dr. Duffus seeks to offer is that "[a]vailable data and scientific literature show that the term calf is ambiguous and SeaWorld's adopted definition is not accepted

4                                    4:15-cv-02172-JSW-JCS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

in the scientific community" and ████████████████████████████████ ████████████████████████████████ Iser Decl., Ex. 1 at 5-6, ¶ 14; *see also* at 30, ¶ 50 ████████████████████████████████████ ████████████████████

SeaWorld defines calf to mean a killer whale that has not yet been weaned, which generally occurs within two years of birth. *Id.*, Ex. 4. Dr. Duffus rejects SeaWorld's definition and defines calf to mean the "the young of certain mammals" (i.e., an offspring of any age). *Id.*, Ex. 1 at 13, ¶ 30. He admits that ███████████████████████████ results from this different, and much broader, definition of calf. *Id.*, at 16, ¶ 36 ("*If a calf is defined more broadly*, as seen in nature, to include the young or offspring of a killer whale older than two, it becomes clear ███████████████████████████████████████ ████████) (emphasis added). Dr. Duffus should be precluded from offering his opinion on the meaning of calf and his opinion that ████████████████████████████████ because the opinions are unreliable and he has no specialized knowledge on the subject.

### 1. Dr. Duffus' Opinion Regarding the Meaning of Calf is Unreliable

With respect to the meaning of the term calf, Dr. Duffus offers two opinions. Both are unreliable and inadmissible. Dr. Duffus first opines that the term "calf" means offspring of any age (Iser Decl., Ex. 1 at 13, ¶ 30). He claims that his proffered definition is based on Webster's Dictionary and constructed from his reading of scientific studies. Iser Decl., Ex. 3 at 149:18-150:12. However, none of the identified scientific studies define calf as Dr. Duffus does. Iser Decl., Exs. 6-9. The lack of support for his definition renders his opinion unreliable and inadmissible. *See, e.g., Perry v. Schwarzenegger*, 704 F.Supp.2d 921, 948 (N.D. Cal. 2010) (excluding expert's opinion on the definition of marriage where expert's only methodology was review of other's work); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices and Prod. Liab. Litig*, 978 F.Supp.2d 1053, 1067-68 (C.D. Cal. 2013) (excluding expert's opinion due to lack of reliability where opinion was "not based upon a reliable foundation or methodology" but instead amounted solely to the expert's *ipse dixit*"); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200-201 (4th Cir. 2001) (doctor excluded where he "asserted what

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

amounted to a wholly conclusory finding based upon his subjective beliefs rather than any valid scientific method" and "[h]is position conflict[ed] with that of the FDA and the majority of his colleagues in the American Academy of Orthopedic Surgeons").

Duffus' second opinion is that SeaWorld's definition of calf – a killer whale that has not yet been weaned, which generally occurs within two years of birth – is not accepted by the scientific community. This opinion too is unreliable as it is contradicted by Dr. Duffus' own testimony. When pushed on the "accepted definition" of the term calf in the "scientific community," Dr. Duffus offered a definition contrary to his proffered definition and *consistent with SeaWorld's definition*. He testified that his "interpretation of the scientific literature suggests that calf refers to nutritionally behaviorly and socially dependent relations between a mother and calf (sic)." Iser Decl., Ex. 3 at 166:13-20. Duffus also conceded that the term calf "could" refer to a killer whale age two or younger. *Id.*, at 160:15-19.

Dr. Duffus has not provided sufficient support for his definition of the term "calf," and thus should be precluded from offering an opinion on the meaning of the term or using his proffered definition in support of his opinion ████████████████████████████.

### 2. The Court Does Not Need Assistance to Determine Whether ████████ ████████████████████ and Dr. Duffus Has No Specialized Knowledge on the Topic

Dr. Duffus should also be precluded from opining that ████████████████ ████████████████ because the opinion is not relevant and Dr. Duffus is not qualified to render it. Under Rule 702, expert testimony is permissible only if the expert has "scientific, technical, or other specialized knowledge" that will *assist the trier of fact* in understanding the evidence or determining a fact in issue. Fed. R. Evid. 702. Expert testimony is not appropriate where the expert is providing opinions which the trier of fact is equally capable of reaching. *See e.g., Beech Aircraft Corp v. U.S.*, 51 F.3d 834, 842 (9th Cir. 1995); *U.S. v. Seschillie*, 310 F.3d 1208, 1212 (9th Cir. 2002) ("A district court does not abuse its discretion when it refuses expert testimony where the subject does not need expert 'illumination' and the proponent is otherwise able to elicit testimony about the subject."); *Perry*, 704 F.Supp.2d at 947 (excluding testimony of

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

expert where expert's "mere recitation of text in evidence does not assist the court in understanding the evidence because reading, as much as hearing, 'is within the ability and expertise' of the trier of fact.'").

In *Beech*, the plaintiffs sued defendants for damages arising out of an airplane crash. *Id.* at 836. At trial, the plaintiffs offered the testimony of Dr. Shuy, "an expert in the field of linguistics" and Dr. McDermott, "an electronic sound enhancement expert with an air traffic controller background," to analyze audio recordings between the air traffic controllers and the pilot and "decipher what [the pilot] said to the tower." The district court excluded the testimony. The Ninth Circuit affirmed, holding that the testimony "did not concern a proper subject for expert testimony." *Id.* at 841-42. The Court explained that:

> Plaintiffs offered Drs. Shuy and McDermott to testify as to what could be heard in a tape recorded conversation, yet hearing is within the ability and experience of the trier of fact. It is our opinion that the trial judge, who sat without a jury, was in the best position to determine whether anything on the tapes could be heard which might need clarification by experts.

*Id*. at 842.

In *Seschillie*, a criminal defendant on trial for shooting four victims claimed that the shootings were accidental and sought to offer the expert testimony of a criminologist regarding whether the defendant's firings of the gun were accidental. The district court allowed testimony generally about scenarios that can lead to "accidental discharge when people are struggling over possession of a gun," but precluded the expert from rendering an opinion "as to whether the shootings in [the] case were accidental" or identifying "facts in the witnesses' testimony that were consistent with accidental discharge." The Ninth Circuit affirmed, holding that "the jury could determine, as a matter of 'common sense,' whether the shootings as described by the victims were accidental according to [the expert's] theories, and would not be assisted in that determination by any specialized knowledge." *Id.* at 1212.

Here, the Court, as the trier of fact, is more than capable of understanding the anticipated testimony regarding the locations of SeaWorld's killer whales over various periods of time and determining whether certain whales have been separated from other whales. The issues do not

7                                    4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

need expert "illumination."  Dr. Duffus is simply summarizing evidence.  Reading and analyzing such evidence is well within the ability and experience of the trier of fact.

Moreover, Dr. Duffus does not possess any specialized knowledge making him more qualified than the trier of fact to review and summarize evidence relating to such separations.  Dr. Duffus reached his opinion based solely on his review of SeaWorld's training records and a SeaWorld interrogatory response.  *See e.g.*, Iser Decl., Ex. 1 at 16, ¶ 37, at 20-29, ¶¶ 43-49, and at Exs. C, D, and E.  He admits that he has no expertise in the management of killer whales in a zoological setting and has never studied such whales. *Id.*, Ex. 3 at 64:17-66:1, 89:24-90:9.  He also admits that he has no specialized knowledge that would allow him to read and interpret killer whale training records, and in fact, had trouble interpreting the records because he is not familiar with certain terms used.  *See Id.*, at 91:1-24, 192:20-193:3.  Dr. Duffus' *only* experience with killer whale training records comes from the two prior occasions in which he served as an expert witness against SeaWorld. *Id.*, at 92:17-93:2.  That is obviously not sufficient to satisfy Rule 702.  If it were, anyone who had ever read a SeaWorld training record would be an "expert."

Accordingly, Dr. Duffus should be precluded from offering his opinion that ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### 3.    Dr. Duffus' Opinion Regarding Separation Is Wholly Unreliable

Yet another ground for excluding Dr. Duffus' opinion regarding separation is lack of reliability based on Dr. Duffus' admission that he has no basis for large portions of his opinion.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Iser Decl., Ex. 1 at Exhibit E), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Iser Decl., Ex. 3 at 203:15-205:4.  Dr. Duffus' admitted reliance on faulty assumptions and his failure to use any reliable principles or methodology renders his opinions inadmissible under *Daubert*.  *See California ex rel.*

8                                    4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Harris v. Safeway, Inc.*, 651 F.3d 1118, 1149 n. 4 (9th Cir. 2011) ("'[A]n expert's opinions that are without factual basis and are based on speculation or conjecture' are inadmissible at trial . . .").

### C.    Dr. Duffus Should Be Precluded From Offering His Opinion Regarding the Health of SeaWorld's Killer Whales' Social Structures

In support of his third opinion – that "SeaWorld's movement and artificial groupings of killer whales cannot be said to maintain a 'healthy social structure'" (Iser Decl., Ex. 1 at 5-6, ¶ 14) – Dr. Duffus is expected to also opine that SeaWorld moves killer whales for reasons other than maintaining a healthy social structure and that SeaWorld's groupings of whales is not in the best interest of the mothers and calves.  Iser Decl., Ex. 1 at 18-19, ¶ 40 ("there are other drivers other than healthy social structure that motivate the moves of a particular animal"), at 15, ¶ 34 ("intervening in the length of time a mother and calf remain together using an artificial benchmark determined by SeaWorld is a factor of convenience for SeaWorld rather than what is in the best interest of the mother and her calf"), at 19-20, ¶¶ 41-42 (opining that SeaWorld disrupts the social bond between mothers and calves when "it is beneficial to SeaWorld rather than being beneficial to the killer whales themselves"), at 21-29, ¶¶ 44-49 (opining that SeaWorld's separation of killer whales between pools within the same park disrupts the social structure and cannot be said to maintain a 'healthy social structure').[2]  All such testimony should be excluded.

#### 1.    Dr. Duffus Is Not Qualified to Render The Proffered Opinions

As noted above, the first requirement of Rule 702 is that the expert must be "qualified" to offer his or her opinions – *each and every* "opinion must be grounded in his or her personal 'knowledge, skill, experience, training, or education.'" *Mullins*, 178 F.Supp.3d at 900 (precluding expert from offering opinions outside the ambit of his expertise); *see also Lucido v. Nestle Purina Petcare Co.*, 217 F.Supp.3d 1098, 1103 (N.D. Cal. 2016) (precluding expert from offering opinions "not based on [her] specialized knowledge.")  A district court must ascertain not just whether an expert is qualified in general, but whether his qualifications provide a foundation for him to answer a specific question.  *See e.g., Estate of Stuller v. U.S.*, 811 F.3d 890, 895 (7th Cir.

---

[2] *See also* Iser Decl., Ex. 1 at ¶¶ 17-22, 25-26, 34, 38-40, and 44-49 and Ex. 2 at ¶ 5.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

2016) (finding that district court's "determination that [expert] lacked the requisite expertise . . . was well-supported" where expert had "over fifty years of experience in training and breeding horses," but that expertise "did not extend to the financial and business aspects of running a horse-breeding operation."); *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1134 (l0th Cir. 2009) (excluding expert testimony on whether a mountain bike race organizer was negligent where expert had experience organizing and planning road bike races but no experience with mountain bike races).

Here, Dr. Duffus seeks to opine *not* on the health of killer whale social structures *in the wild*, but rather the health of killer whale social structures in a zoological facility (specifically, SeaWorld).  He is not qualified to offer an opinion on that topic.  As discussed in Section II, *supra*, Dr. Duffus has no experience studying or observing killer wales in a zoological setting and has NOT studied the behavior of such whales, the social, behavioral or nutritional dependence of such whales, the effect of operant conditioning on such whales, the vocalization traditions of such whales, or done any comparisons of killer whales in the wild versus those in a zoological setting. Iser Decl., Ex. 3 at 64:17-66:9, 73:3-7, 80:4-7, 167:8-18, 213:9-14.  If that were not enough, he also admits that he is *not* an expert in the training, husbandry, psychology, feeding, management, enrichment, vocalization patterns, veterinary medicine, or overall life of a killer whale in a zoological setting.  *Id.*., at 67:16-24, 74:1-3, 79:11-14, 81:2-7, 94:6-12, 89:24-90:25, 213:9-14.

While Dr. Duffus will likely point to his experience with wild killer whales as sufficient to qualify him, it is not.  Dr. Duffus admits that killer whales in a zoological setting are *different* than those in the wild:

> Q: You agree that human contact can and likely does influence the behavior of killer whales in a zoological setting?
>
> A: It can alter the behavior, yes. (Iser Decl., Ex. 3 at 74:25-75:3).

He also admits that he has never trained or interacted with a killer whale in a zoological setting. Iser Decl., at 61:18-21, 66:2-9, 68:14-21, 74:1-3.  In fact, he has never trained any animal, except for his pet dog.  *Id.*, at 66:10-13.  Nor has he observed the killer whales at SeaWorld in connection with this case, despite the fact that Plaintiffs' experts had the opportunity to do so during an agreed upon inspection.  *Id.*, at 186:13-187:2  In addition, Dr. Duffus' purported specialized

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

knowledge regarding *wild* killer whales does not include any interaction with those whales. To the contrary, he purposefully avoids any contact and observes wild killer whales from a distance of 100 meters away. *Id.*, at 60:24-62:9.[3]

In sum, like the experts in *Lucido, Stuller*, and *Milne*, Dr. Duffus lacks any relevant experience sufficient to qualify him to testify competently regarding the issues on which he seeks to opine. Dr. Duffus' purported expertise in wild killer whales does not provide a foundation for him to testify on topics relating to killer whales in zoological settings. *See also e.g., Jinro American Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 994 (9th Cir. 2001) (excluding expert on Korean business culture and practices from opining on Korean businesses propensity to evade laws where opinion was based on limited and necessarily skewed experiences investigating Korean businesses suspected of corruption); *Ralston v. Mortg. Inv'rs Grp., Inc.*, 2011 WL 6002640, at *6 (N.D. Cal. Nov. 30, 2011) (excluding mortgage broker expert's opinions as unreliable to the extent they concerned "specific types of documents, examples, or verbal disclosures other brokers provided" because they were outside of the expert's knowledge of "general practices or mortgage brokers"); *Wehling v. Sandoz Pharms. Corp.*, 1998 U.S. App. LEXIS 38866, *9-12 (4th Cir. Aug. 20, 1998) (affirming district court's exclusion of a proffered expert where his background and experience in determining causes of death and drug and alcohol testing in automobile accidents were not relevant to the issues of causation and negligence in the context of an alleged drug interaction, as his experience as a pharmacist did not qualify him as an expert to testify about the adequacy of drug warnings, and was otherwise not qualified to testify where he had no knowledge about the relevant standard practices); *Gable v. NBC*, 727 F.Supp.2d

---

[3] Dr. Duffus may point to two prior cases in which he served as an expert witness against SeaWorld as relevant experience. However, neither case had anything to do with the topics on which he seeks to opine here. Both cases were Occupational Safety and Health Act ("OSHA") proceedings relating to workplace safety – one brought by the United States Secretary of Labor in 2010 and one by the California Department of Industrial Relations in 2015. The topics on which Dr. Duffus was allowed to testify were narrow topics relating to safety precautions that should be taken around killer whales. Dr. Duffus claimed that he was qualified on the topic because he implemented procedures to keep his students safe on whale watching excursions. Iser Decl., Ex. 5 at 821-22. This case does not involve questions of safety, and therefore, Dr. Duffus' prior work as an expert is irrelevant to whether he is qualified here. *See* Section IV, *supra*, at 10:17-11:13 and 12:5-19.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

815, 833-34 (C.D. Cal 2010) (copyright expert David Nimmer, though well-qualified to form a legal analysis regarding copyright claims, lacked the requisite experience to make the requisite expert substantial similarity analysis as to two literary works).

### 2.    Dr. Duffus' Opinions Are Unreliable

Dr. Duffus' opinions that SeaWorld's killer whales' social structures are not healthy (and that the movement of the whales is not to maintain healthy social structures) should also be excluded because they are wholly unreliable.  Having no specialized knowledge, skill, experience, training or education on the care, training or management of killer whales in zoological settings and having not observed the SeaWorld killer whales in their habitat, Dr. Duffus' opinions are wholly unfounded and based entirely on speculation.

Dr. Duffus admits that he has no basis for his opinions by testifying that *he does not know whether or not the killer whale social structures at SeaWorld are healthy*:

Q.    And yet you conclude that SeaWorld's social structure is unhealthy?

A.    I conclude that we don't know if it is healthy or not.  And if you maintain that it is healthy, I cannot see on what basis. (Iser Decl., Ex. 3 at 208:16-20)

\*        \*        \*

Q.    Do you believe SeaWorld's social structures are unhealthy?

A.    I believe that's possible. (*Id.*, at 208:24-209:1)

\*        \*        \*

Q.    What do you mean, it's possible?

A.    I do not know. (*Id.*, at 209:4-5).

He also admits that it is possible that SeaWorld *can* maintain healthy social structures:

Q.    And then [SeaWorld's expert Mark Simmons'] next point is, killer whales in zoological care at SeaWorld can maintain healthy social structures. You disagree with that?

A.    I believe that is probably, that is not unreasonable as one possibility . . . (Iser Decl., at 222:11-15).

Dr. Duffus also concedes that he did not employ any reliable methodology in reaching his now contradicted opinion.  He testified that his assignment in the case was to compare the positions that SeaWorld takes (i.e., SeaWorld's statement that it only moves killer whales "to

12                                              4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

maintain a healthy social structure") with "what we know of wild killer whales." Iser Decl., Ex. 3 at 96:20-98:10. However, he admits that:

- He is not aware of any benchmark or standard by which to measure the *health* of a killer whale social structure. Iser Decl., at 208:9-15 ("I could find no metric or bar for the term, healthy").[4]

- There is no single standard for healthy social structures *in the wild* and ecological, behavioral, and morphological differences exist between different wild killer whale ecotypes (social structures). *Id.*, Ex. 1 at 8, ¶ 19, Ex. 3 at 69:14-70:9; and

- Human contact likely alters the behavior of killer whales in a zoological setting and that he does not know whether such behavioral changes impact instinct. *Id.*, Ex. 3 at 74:25-75:21.

Dr. Duffus' failure to adhere to any recognizable scientific method or employ any reliable analysis or research and his reliance on assumptions, speculation and untested hypotheses reduces his opinions to nothing more than the unreliable and unsupported conclusions that courts have repeatedly excluded.[5] *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert."); *Laux v. Mentor Worldwide, LLC*, 295 F.Supp.3d 1094, 1103 (C.D. Cal. 2017) (excluding expert where expert's report provided "no support for his 'because I said so' conclusion"); *Perkins v. U.S.*, 626

_____

[4] Despite admitting that he is not familiar with any metric to measure whether a social structure is healthy, Dr. Duffus opines that ███████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████ *Id.*, Ex. 3 at 226:13-227:1.

[5] Dr. Duffus' opinion █████████████████████████████ █████████████████████████ is also fatally flawed and should be excluded. Dr. Duffus admits that he has made no independent investigation into why any particular whale was moved. He testified that he relied on the records that he was provided and "whatever they had in them was what I used" even though he had "no way of judging if those are in fact the real reasons, or just interpretations." Iser Decl., Ex. 3 at 202:18-203:7. Dr. Duffus also concedes that he does not know "the underlying reason" for the separations. *Id.*, Ex. 3 at 203:9-13.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID DUFFUS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

F.Supp.2d 587, 595 (E.D. Va. 2009) (excluding testimony where the expert failed to provide any methodological basis for his opinion, and where the opinion is "nothing beyond a guess"); *Martinez v. Rabbit Tanaka Corp.*, 2006 U.S. dist. LEXIS 97084, *44 (S.D. Fla. Jan. 5, 2006) (excluding expert opinion where the "expert" conceded that his opinions were based on "common sense," and where his reports "evidence[d] no discernible expertise nor the application of anything approximating a reliable methodology").

### D.    Dr. Duffus' Summaries of SeaWorld Statements Are Not Proper Expert Testimony and Should Be Excluded

The summary of SeaWorld's statements and documents throughout the Report should be excluded at trial. Dr. Duffus is simply summarizing statements SeaWorld has allegedly made relating to the meaning of the term "calf." But, the alleged statements are not ones that Plaintiffs claim to have seen and relied on in making a purchase from SeaWorld. They are therefore irrelevant and should not be the subject of expert testimony. *See Leslie*, 2010 WL 2991038, at *10 (excluding references in expert's report to facts that were argumentative and irrelevant to expert's conclusions). This is particularly true because in simply regurgitating statements, Dr. Duffus is not drawing from any expertise, and has no foundation to testify that the statements were made. *See Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F.Supp.2d 1023, 1039 (C.D. Cal. 2013) (excluding "summary of inadmissible facts" for which the expert lacked personal knowledge).

### V.    CONCLUSION

SeaWorld's motion should be granted, and the Court should enter an order precluding Dr. Duffus from testifying as an expert witness at trial.

DATED: June 7, 2019                    KINSELLA WEITZMAN ISER KUMP & ALDISERT, LLP

By:    */s/ Lawrence Y. Iser*
　　　Lawrence Y. Iser
　　　Attorneys for Defendant SeaWorld Parks and
　　　Entertainment, Inc.

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850