KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
LAWRENCE Y. ISER (SBN 094611)
liser@kwikalaw.com
KRISTEN L. SPANIER (SBN 181074)
kspanier@kwikalaw.com
KATHERINE T. KLEINDIENST (SBN 274423)
kkleindienst@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone:  (310) 566-9800
Facsimile:  (310) 566-9850

DUANE MORRIS LLP
JOHN M. SIMPSON (admitted *pro hac vice*)
jmsimpson@duanemorris.com
MICHELLE C. PARDO (admitted *pro hac vice*)
mcpardo@duanemorris.com
REBECCA E. BAZAN (admitted *pro hac vice*)
rebazan@duanemorris.com
505 9th Street NW
Suite 1000
Washington, DC  20004
Telephone:     (202) 776-7800
Facsimile:     (202) 776-7801

Attorneys for Defendant SeaWorld Parks & Entertainment, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARC ANDERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>Defendant. | Civil Action No.  4:15-cv-02172-JSW (JCS)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER, AND MEMORANDUM OF POINTS AND AUTHORITIES THEREOF**<br><br>**DATE: JULY 12, 2019**<br>**TIME: 9:00 A.M.**<br>**ROOM: COURTROOM 5**<br>**JUDGE: Hon. Jeffrey S. White** |

4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 12, 2019, at 9:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Jeffrey S. White in Courtroom 5 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Defendant SeaWorld Parks and Entertainment, Inc. ("SeaWorld") will and hereby does move the Court for an order precluding Ingrid N. Visser, PhD ("Dr. Visser") from testifying in opinion form on any subject matter in this case other than the extent to which collapsed dorsal fins exist in wild killer whales versus SeaWorld killer whales.

This Motion is made on the grounds that, pursuant to Fed. R. Evid. 702, Dr. Visser is not qualified to render opinions on the majority of the subject matter of her proposed testimony, namely that conditions at SeaWorld generally, and collapsed dorsal fins specifically, are harmful to SeaWorld killer whale health and welfare. Dr. Visser is not a veterinarian or a killer whale trainer and has no relevant training, expertise or practical experience in these subjects. She therefore is not qualified as an expert opinion witness to testify as to the bulk of what Plaintiffs have indicated will be her testimony.

This Motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the concurrently filed Declarations of Dr. Hendrik Nollens, Dr. Kristine Burtis and John M. Simpson, all pleadings on file in this action; and any additional evidence or argument presented at or before the hearing on this matter.

4:15-cv-02172-JSW-JCS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DATED: June 7, 2019                DUANE MORRIS LLP


                                   By:        /s John M. Simpson
                                          John M. Simpson
                                          Attorneys for Defendant SeaWorld Parks &
                                          Entertainment, Inc.

2                                                          4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT .................................................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.    INTRODUCTION.......................................................................................................... 1

II.   STATEMENT OF RELEVANT FACTS ........................................................................ 2

III.  LEGAL STANDARD .................................................................................................... 6

IV.   ARGUMENT .................................................................................................................. 7

    A.    Dr. Visser Is Not Qualified To Opine On Matters Of Veterinary Medicine............. 7

    B.    Dr. Visser Is Not Qualified To Opine On Killer Whale Training, Husbandry
        or Behavior ............................................................................................................. 13

    C.    Dr. Visser Is Not Qualified To Opine On Animal Welfare.................................... 14

    D.    Dr. Visser's Opinions On Matters Of Law Should Be Excluded........................... 14

    E.    Dr. Visser's Testimony Should Be Limited to the Prevalence of Dorsal Fin
        Collapse in Wild versus SeaWorld Killer Whales .................................................. 15

V.    CONCLUSION .............................................................................................................. 15

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

**TABLE OF AUTHORITIES**

**Cases**

*Abdishi v. Phillip Morris*, 1999 WL 756054 (N.D. Ill. Sept. 7, 1999)..........................................11

*Avila v. Willits Env. Rem. Tr.*, 633 F.3d 828 (9th Cir. 2011) ........................................................12

*Barber v. City of Santa Rosa*, 2010 WL 5069868 (N.D. Cal. Dec. 7, 2010) ................................10

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ...............................................ii, 6-7, 10

*Dellinger v. Pfizer, Inc.*, 2006 WL 2057654 (W.D.N.C. July 19, 2006) ......................................11

*Fanning v. Sitton Motor Lines, Inc.*, 2010 WL 4261476 (D. Kan. Mar. 10, 2010) ......................10

*Estate of Gee v. Bloomington Hosp.*, 2012 WL 591459 (S.D. Ind. Feb. 20, 2012) ......................10

*Hexum v. Eli Lilly & Co.*, 2015 WL 5008263 (C.D. Cal. Aug. 10, 2015) ....................................11

*Hickman v. Sofamor-Daneck Gr., Inc.*, 1999 WL 606690 (N.D. Cal. Feb. 17, 1999)..................13

*Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037 (9th Cir. 2012) ..............................................15

*Jack v. Borg-Warner Morse TEC LLC*, 2018 WL 3819027 (W.D. Wash. Aug. 10, 2018) ..........12

*Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, 2009 WL 1764652 (N.D. Cal.
    June 18, 2009) .......................................................................................................................15

*Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164 (N.D. Cal. 2015) ...............................7

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).....................................................................6

*Mariscal v. Graco, Inc.*, 2014 WL 4245949 (N.D. Cal. Aug. 27, 2014) ......................................12

*McEvoy v. EIE Barges Serv., Inc.*, 2009 WL 10700262 (N.D. Ill. Sept. 11, 2009)......................10

*Monje v. Spin Master Inc.*, 2015 WL 11117070 (D. Ariz. May 6, 2015), *aff'd*, 679 F.
    Appx. 535 (9th Cir. 2017) .....................................................................................................11

*Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867 (N.D. Cal. 2016) ....................ii, 7, 9-10

*Murray v. Burt*, 2012 WL 13005388 (D.N.M. Jan. 4, 2012) ........................................................10

*Perry v. Schwarzenegger*, 704 F. Supp. 2d 921 (N.D. Cal. 2010) .................................................7

*PETA v. Miami Seaquarium*, 189 F. Supp. 3d 1327 (S.D. Fla. 2016), *aff'd*, 879 F.3d 1142,
    *rehear'g en banc denied*, 905 F.3d 1307 (11th Cir. 2018)........................................................6

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Petersen v. Cordes*, 2003 WL 22533664 (N.D. Ill. Nov. 6, 2003) ...............................................11

*Plourde v. Gladstone*, 190 F. Supp. 2d 708 (D. Vt. 2002), *aff'd*, 69 F. Appx. 485 (2d Cir. 2003)..................................................................................................................................11

*Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009 (N.D. Cal. 2012)............................7, 12

*Rambus, Inc. v. Hynix Semiconductor, Inc.*, 254 F.R.D. 597 (N.D. Cal. 2008)............................12

*Redfoot v. B.F. Ascher & Co.*, 2007 WL 1593239 (N.D. Cal. June 1, 2007) ..............................13

*Salinas v. Amteck of Kentucky, Inc.*, 682 F. Supp. 2d 1022 (N.D. Cal. 2010) ..............................11

*Estate of Stuller v. United States*, 811 F.3d 890 (7th Cir. 2016)....................................................12

*Tilikum ex rel. PETA & Visser, et al. v. SeaWorld Parks & Entmt., Inc.*, 842 F. Supp. 2d 1259 (S.D. Cal. 2012)......................................................................................................5

*In re TMI Lit.*, 911 F. Supp. 775 (M.D. Pa. 1996), *aff'd*, 193 F.3d 613 (3d Cir. 1999)...............11

*Trammell v. Paxton*, 2008 WL 7514367 (N.D. Ga. Sept. 29, 2008), *aff'd*, 322 F. Appx. 907 (11th Cir. 2009) ...........................................................................................................11

*Trulove v. D'Amico*, 2018 WL 1090248 (N.D. Cal. Feb. 27, 2018) ..............................................12

*United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325 (9th Cir. 2017).......................................15

*United States v. Chang*, 207 F.3d 1169 (9th Cir. 2000)................................................................12

*United States v. Redlightning*, 624 F.3d 1090 (9th Cir. 2010)......................................................10

*United States v. Silber*, 456 F. Appx. 559 (6th Cir. 2012) ............................................................11

*Williams v. Invenergy, LLC*, 2016 WL 1725990 (D. Or. Apr. 28, 2016)......................................10

*Willis v. Sears Hold. Mgmt. Corp.*, 2012 WL 3915333 (N.D. Ill. Sept. 07, 2012).......................10

*Z.J. v. Kansas City*, 2017 WL 4390274 (W.D. Mo. Sept. 29, 2017) .............................................10

**Other Authorities**

Fed. R. Evid. 702......................................................................................................ii, 6-7, 9

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

iii

4:15-cv-02172-JSW-JCS

**SUMMARY OF ARGUMENT**

As disclosed in Dr. Visser's two expert reports, Simpson Decl. Exs. L & M, Plaintiffs have proposed that Dr. Visser testify in this case as an opinion witness under Fed. R. Evid. 702 with respect to whether (i) "captivity at SeaWorld" is generally harmful to killer whale health and wellbeing; (ii) collapsed dorsal fins are more prevalent among SeaWorld killer whales than wild killer whales; and (iii) dorsal fin collapse is harmful to SeaWorld killer whale health and wellbeing. *See* Simpson Decl. Ex. L at 327-28. Dr. Visser has no credentials that qualify her to render opinions on two of these three proposed opinions – that conditions at SeaWorld generally, and collapsed dorsal fins specifically, are harmful to killer whale health and wellbeing. Dr. Visser is not a veterinarian or killer whale trainer. She has never been employed by an institution like SeaWorld that exhibits killer whales to the public. *See* Simpson Decl. Ex. D (CV). Furthermore, she has no material training, experience or expertise in any of the multiple points of veterinary medicine, killer whale behavior, training and husbandry that she purports to base her opinions on. Nor can Plaintiffs use Dr. Visser as a conduit for legal opinions that are not properly the subject of expert testimony. The only part of the proposed testimony that Dr. Visser arguably is qualified by her actual training, education and experience to give is the prevalence of dorsal fin collapse among wild killer whales and the comparison of that phenomenon with killer whales at SeaWorld.

Pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), this Court must act as a "gatekeeper" of expert testimony proffered by the parties. The most elemental part of that gatekeeping function requires a determination that the proposed expert actually have the education, training and/or experience to render reliable and relevant opinions under Fed. R. Evid. 702. *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867 (N.D. Cal. 2016). Dr. Visser is not qualified by education, training or experience to opine on killer whale health and wellbeing. Only a veterinarian or killer whale trainer with experience with these animals in a zoological setting is qualified to do so. *Id*. at 904. Therefore, the Court should limit Dr. Visser's testimony to the comparative prevalence of collapsed dorsal fins in SeaWorld and wild killer whales.

iv                                   4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs tender Dr. Visser's opinions to support their claims that the alleged representations to Plaintiff Juliette Morizur[1] were false or misleading.  Dr. Visser's Report contains three main opinions:  (i) "captivity at SeaWorld" is generally harmful to killer whale health and wellbeing; (ii) collapsed dorsal fins are more prevalent among SeaWorld killer whales than wild killer whales; and (iii) dorsal fin collapse is harmful to SeaWorld killer whale health and wellbeing.  *See* Simpson Decl. Ex. L (Opening Report) at 327-28.  To support these three opinions, Dr. Visser submitted a 328-page report, along with a 76-page, single-spaced list of "materials considered," listing hundreds of scientific and other publications and thousands of pages of deposition transcripts and documents produced by SeaWorld.  *Id*. Ex. N.  The Report also included 19 separate spreadsheets and other schedules containing information purportedly in support of the opinions offered.  *Id.* Ex. L at 5.  This sprawling tome attacks virtually every aspect of SeaWorld's care and maintenance of its killer whales, literally from birth to death since the inception of the operation more than 50 years ago.  *See id.* at 90-328.  In addition, Dr. Visser submitted a 27-page Rebuttal Report that responded to certain opinions of SeaWorld's experts.  *Id.* Ex. M (Rebuttal Report).  The Visser Reports (without exhibits) are more than 400 pages that brim with unsupported and unsupportable assertions of opinion and fact that would be impossible to cover on direct, cross-examination and redirect in the five days of trial Plaintiffs have represented to the Court that they anticipate.  Joint Case Mgmt. Stmt. (ECF 209) at 12.

But the Court need not wade through this morass for the simple reason that Dr. Visser is not qualified to render opinions on, or comment about, the bulk of the contents of her Reports:  the

---

[1] 3d Am. Cmplt. (ECF 94) ¶ 20 ("While at the park, Ms. Morizur visited the orca show and specifically asked SeaWorld's trainers questions about their captive orca's collapsed dorsal fins. SeaWorld employees told Ms. Morizur that that was normal, and also equally common in the wild. They also told Ms. Morizur that captivity in general does not harm orcas.").

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

health and welfare of SeaWorld's killer whales. Dr. Visser is not a veterinarian or killer whale trainer and has no material training, expertise or experience these subjects. Therefore, she is not qualified to opine on most of what the Reports cover. Virtually the entirety of her Reports goes to the two opinions that conditions at SeaWorld generally, and collapsed dorsal fins specifically, allegedly are harmful to SeaWorld killer whale health and wellbeing. Simpson Decl. Ex. L at 90-328; Ex. M at 3-27. None of Dr. Visser's actual education, training and experience qualifies her on these subjects. The ***only*** opinion that Dr. Visser's actual credentials arguably qualify her to render is whether wild killer whale dorsal collapse is more or less frequent than at SeaWorld. *Id.* Ex. L at 313-14. Thus, except for this single opinion, the Court should exclude all of the material in Dr. Visser's Reports from its consideration in this case.

## II.    STATEMENT OF RELEVANT FACTS

Dr. Visser has a PhD in environmental and marine science, received by writing a thesis about wild New Zealand killer whales. *Id.* Ex. D (Visser CV) at 10. She also has a master's degree in zoology for studying the growth rates of commercial oysters. *Id*. This case is not about oysters, and none of SeaWorld killer whales is from New Zealand or of the same ecotype inhabiting New Zealand waters. The focus here is the health and welfare of killer whales at SeaWorld – matters for which Dr. Visser has no relevant qualifications.

Dr. Visser is not a veterinarian. *Id.* Ex. A (Visser Dep. Tr.) 89:22-24. Although she wanted to be a veterinarian, Dr. Visser did not obtain good enough grades in the first year of veterinary school to continue. *Id*. 22:10-15; 24:10-25:2 (received a "D" in one required course); *id.* Ex. E (autobiography) ("[M]y grades weren't good enough. Vet students were expected to get at least A grades, and if you got a C, or heaven forbid a D, as I had, then you didn't have a chance to continue. So I drifted into that zone where many rejected New Zealand vet students go – zoology"). Similarly, while Dr. Visser spends 87 pages of her Report on the condition and health of SeaWorld killer whales' teeth, *id.* Ex. L at 112-199, Dr. Visser is not a dentist, oral surgeon or endodontist. *Id.* Ex. A 91:4-10. And while she discusses the medications administered to

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

SeaWorld killer whales, *id.* Ex. L at 232-36, Dr. Visser is not a pharmacist. *Id.* Ex. A 92:12-13. In fact, in a prior case involving killer whale conditions, Dr. Visser admitted that, because she is "not a veterinarian," she "couldn't ascertain" whether the whale at issue was overmedicated. *Id.* Ex. H (89:17-24).

Dr. Visser also has no material formal training in any of the veterinary medical subjects that underlie her opinions. For some subjects she has had zero instruction: killer whale reproduction, artificial insemination, endodontics and oral surgery. *Id.* Ex. A 89:6-11; 91:25-92:11. For other subjects (pharmacology, endocrinology, immunology, epidemiology, reading dental x-rays) all she can point to is her unsuccessful first-year of veterinary school 32 years ago as evidence of any "training." *Id.* 88:11-89:5; 89:12-90:20; 92:14-20. Not surprisingly, Dr. Visser listed none of this "training" on her CV, *id.* Ex. D, which she admitted is a complete statement of her career history, publications, activities and memberships that she regards relevant to this case. *Id.* Ex. A 19:20-20:24. If it was not important enough to go onto the CV, it is not relevant.

Nor does Dr. Visser have any meaningful practical experience in the veterinary medical matters at issue. She has never served as a veterinary or dental technician or been employed in any other capacity in a veterinarian's office. *Id.* 92:23-94:6; Ex. D. She had an internship in a veterinarian's office at age 14, but could not identify the practitioner. *Id.* Ex. A 92:23-94:3. She also claims to have consulted on killer whale dental x-rays with veterinarians at a facility in New Zealand, but the experience was not significant enough for her to remember the facility or the people involved. *Id.* 89:12-90:20. The CV states none of this "experience" either. *Id.* Ex. D.

Dr. Visser also lacks qualifications in the other areas embraced by her Reports. There is no evidence that she has any training, expertise or experience in animal behavior. *Id.* (CV). There is no evidence that she has ever been employed in any capacity by a marine mammal park or any other institution like SeaWorld that exhibits killer whales to the public. She has never been employed as a killer whale trainer nor has she trained a killer whale in an environment such as SeaWorld. *Id.* Ex. A 102:10-14; Ex. D. She has never been responsible for the enrichment of a

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

killer whale in a zoological setting. *Id*. Ex. A 102:15-105:2. The "enrichment" activity that Dr. Visser testified being involved with were her interactions with the killer whale Morgan through the viewing glass of Morgan's enclosure at a facility in Europe, *id*. – something any person who pays to get into the park could do. Dr. Visser's limited experience with captive killer whale husbandry consisted of a volunteer position she held at Six Flags in which she prepared food and cleaned the food preparation area. *Id*. 100:22-102:9. That experience was not memorable enough for her to be able say when it occurred or how long it lasted – but it was only for "days." *Id*. She admitted having no experience with two of the killer whale husbandry procedures that she purports to opine on: tooth flushing and apical cores. *Id*. 105:21-25; 106:1-11; *see id.* Ex. L at 192-99.

Dr. Visser had a brief opportunity to participate in the care of a captured killer whale calf (which she kept in a pool no larger than the SeaWorld medical pools Dr. Visser now criticizes). *Id.* Exs. G; I; L at 93, 239-40. However, the animal died less than a week after coming into Dr. Visser's care. *Id.* Ex. G.

Dr. Visser also discusses, at length, certain theoretical or proposed animal welfare standards in her Reports. *Id.* Ex. L at 78-89; Ex. M at 9-11. But there is no evidence that Dr. Visser has any experience actually applying such standards to a marine mammal park like SeaWorld. She did not author any of the standards discussed. *Id.* Ex. D (CV). There is no evidence that she has ever served on the animal welfare committee of an aquarium or other zoological institution or that she has participated in any capacity in a site visit or other review by an accrediting institution like the Association of Zoos and Aquariums. *Id.* In addition, Dr. Visser is not a lawyer and has no training in any of the legal rules that apply to SeaWorld's operations. *Id.* Ex. A 99:8-9; 99:15-100:21.

Dr. Visser evidently has more than 20 years of experience researching cetaceans, *id.* Ex. D at 1, but her research has focused mainly on free-ranging killer whales. *Id*. at 5-9. None of the scientific articles for which Dr. Visser is the senior author concerns the health, welfare, training, enrichment or husbandry of killer whales in a zoological setting. *Id*.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

Dr. Visser has never appeared as a witness in support of an institution that exhibits killer whales. *Id.* Ex. A 107:10-14. To the contrary, her hostility to such institutions, including SeaWorld, is palpable (which explains her 328-page diatribe against SeaWorld). She once sued SeaWorld as a "next friend" on behalf of five SeaWorld killer whales on the ground that they were being held in "slavery" or "involuntary servitude" in violation of the Thirteenth Amendment. *See Tilikum ex rel. PETA & Visser, et al. v. SeaWorld Parks & Entmt., Inc.*, 842 F. Supp. 2d 1259 (S.D. Cal. 2012). The case was dismissed with prejudice at the pleading stage. *Id*. at 1265. That case described Dr. Visser as "an advocate for ending orca captivity" who "has spoken out against the treatment of captive orcas." Simpson Decl. Ex. F (*Tilikum* Cmplt. ¶ 76). Dr. Visser also maintains a website devoted specifically to attacking SeaWorld with respect to the conditions of its killer whales.[2] On the website of another organization for which Dr. Visser is the founder, director and principal scientist – the Orca Research Trust (ORT), *id.* Ex. D at 3 – the organization maintains a webpage entitled "Why Captivity Sucks …." *Id.* Ex. J. The webpage proclaims that ORT "strongly disagrees with facilities who keep cetaceans in captivity and we encourage you to avoid them." *Id*.

Furthermore, when SeaWorld sought regulatory approval in 2015 for its Blue World Project to enlarge its killer whale pools and make other improvements to its operation in California, Dr. Visser appeared as a witness against the proposal, making it crystal clear that nothing SeaWorld could do to modify the facility would ever satisfy her: "This new tank does not meet even these basic requirements, no tank ever will. ***No facility of any sort ever will***. It's a true fact. It's a scientifically proven thing." *Id.* Ex. B (Cal. Coastal Comm'n testimony (10/08/15)) at 75 (emphasis added).[3]

---

[2] http://www.seaworldfactcheck.com/ (last visited 05/27/19). Dr. Visser runs this website with Naomi Rose, another staunch anti-SeaWorld advocate who admits that she has no objectivity on the subject. https://www.youtube.com/watch?v=fLcHfHZ1k9A (at 31:21; last visited 05/27/19).

[3] Contrary to what she told the Coastal Commission, Dr. Visser's Report now states that Blue

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Dr. Visser's lack of qualification on killer whale health and wellbeing has not prevented her from attempting to offer opinions in other litigation. However, in the only other case in the United States in which Dr. Visser appeared as an expert against a killer whale exhibitor, *see id.* Ex. K (case list), the court found the opinions of plaintiff's experts in that case, including Dr. Visser's, wanting: "the Court has reviewed the reports and notes the absence of disclosures showing that the experts employed reliable methodologies for all or most of their opinions, and that the experts' opinions regarding causation for many of the alleged injuries are speculative and unreliable." *PETA v. Miami Seaquarium*, 189 F. Supp. 3d 1327, 1343 n.18 (S.D. Fla. 2016), *aff'd*, 879 F.3d 1142, *rehear'g en banc denied*, 905 F.3d 1307 (11th Cir. 2018).[4]

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." *Daubert* and its progeny appoint the trial court as a gatekeeper to ensure that an expert's testimony meets the requirements of the Federal Rules of Evidence. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 152 (1999).

Fundamentally, Rule 702 requires the expert to be "qualified" to offer each opinion proffered. "Even the most qualified expert may not offer any opinion on any subject;" rather, each

---

World Project "illustrates how the orca habitats could be made more natural and enriching than they are at present," *id.* Ex. L at 201-02 n. 359, and she criticizes SeaWorld for "abandoning" that project when she was one of the principal witnesses who testified against it, *id.* at 198-99.

[4] In her only other expert witness foray – litigation in Europe involving killer whale Morgan, Simpson Decl. Ex. K – the court also ruled against Dr. Visser's position, *id.* Ex. A 252:24-255:21.

6                                                    4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

and every "opinion must be grounded in his or her personal 'knowledge, skill, experience, training, or education.'" *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867 (N.D. Cal. 2016). On this and the other Rule 702 requirements, the proponent (Plaintiffs) "bears the burden of establishing by a preponderance of the evidence that the admissibility requirements are met." *Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009, 1016 (N.D. Cal. 2012).

## IV.   <u>ARGUMENT</u>

SeaWorld's motion seeks exclusion of Dr. Visser's testimony for lack of qualification. Given the massive, overly broad scope of Dr. Visser's Reports, and because the trial herein will be to the Court, SeaWorld reserves all other *Daubert* and other objections to Dr. Visser's testimony until such time, if ever, it is offered at trial. This includes reliability and relevance. *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 176 (N.D. Cal. 2015). Such matters sometimes are appropriately deferred until the witness has testified as they often go to weight rather than exclusion. *See Perry v. Schwarzenegger*, 704 F. Supp. 2d 921, 946 (N.D. Cal. 2010). Qualification, however, does not turn on credibility. An expert either qualifies in the relevant field or does not. Dr. Visser does not. Making this decision now will greatly streamline this case.

### A.   <u>Dr. Visser Is Not Qualified To Opine On Matters Of Veterinary Medicine</u>

As shown above, Dr. Visser is not a veterinarian and has no material training in veterinary medical matters. While practical experience in a technical area can sometimes substitute for lack of a degree or formal instruction, Fed. R. Evid. 702, Dr. Visser has none of that either. Yet despite this gross lack of qualification, ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████. *See* Simpson Decl. Ex. L ¶¶ 13 ████ ██████████████████ 73 ████████████████████ ████ 74 ████████████████████████████ 76 ████████

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

█████████████████████████████ 113 ██████████

███████████████████████████ ; 130 ████████████

████████████████ ; 147 ████████████████████

148 ████████████████████████████████████

149 ██████████████████████████████████ 150

████████████████████████ 151-53 ████████████

██████████████████ 156 ███████████████████

██████████ ; 158 ████████████████████

█████████ ; 159 ██████████████████ 160 ████████

███████████████████████ 171-73 ████████████

████████████ 178-79, 181 ██████████████████████

████████ 189-91 ████████████████████████

198-99 ████████████████████████ 205 █████

███████████████████ 212 ████████████████

██████████████ 228 ████████████████ 253-55 ██████

███████████████████████ 256-57 █████████

███████ ; 259 & n.353 ███████████████ 263 ████████

█████████████████████ 264-80 █████████████

████████ 281 ████████████████████████ 282 ██████

██████████████████ 283 ████████████████ 284 ████

████████████████████████████ 285-290 ██████

██████████████████ 290-92, 297, 305-09 ██████████

██████████ 310-11, 313 ██████████████████

████████████████ 312 ████████████████████

312 ██████████████ 320-22 ████████████████████

████████ 323 ██████████████████████

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER



KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

███████████; 324-30 ███████████████████ 347 ███████████████████████ 349, 354 ███████ 355-60 ████████████████████ 363 ████ ██████████████████ 364-65 ██████████ ████ 368 ██████████████ 370 ███████ ████ 373 & n.538 ██████████████ 374-385 ████ ████████████ 405 ██████████ ████████████████████████████████ ██████████████ 426 ██████ ███████████ 427 ████████████ ████; 429-34 █████████████ ███████████████ *id.* Ex. M ¶¶ 16 ██████████████ 17-18 ████████████████████ ██████████ 19-20 █████████ █████████████ ████; 21 ███████████ 85 ████████████████ ██████████

All of the foregoing subjects are matters of veterinary medicine.  Nollens Decl. ¶¶ 11-12. Opinions on such matters require specialized training, knowledge and experience with killer whales in a zoological setting.  *Id*. ¶ 7.  The case law is clear that only a veterinarian or other medical professional with equivalent practical experience in veterinary medicine is qualified under Fed. R. Evid. 702 to render opinions on such topics.  Dr. Visser falls into neither category.

For example, in *Mullin*s, a PhD cell biologist was not qualified to offer opinions on, *inter alia*, "treatment protocols for cartilage degeneration" or that the product in question resulted in

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

healthy, flexible joints.  As a judge in this District observed in excluding the witness:  "Grande has never been a practitioner or a veterinarian, and therefore he lacks the requisite experience to discuss treatment protocols or clinical and veterinary practice."  178 F. Supp. 3d at 904.  Similarly here, since Dr. Visser has never been a veterinarian treating killer whales, she lacks the requisite experience to discuss clinical, veterinary issues for SeaWorld's killer whales.

Multiple other decisions have reached the same result, precluding witnesses who are not physicians from offering medical testimony.  *See United States v. Redlightning*, 624 F.3d 1090, 1115 (9th Cir. 2010) (neuropsychologist not qualified to opine on physical medical symptoms of hypoglycemia); *Z.J. v. Kansas City*, 2017 WL 4390274 at *14 (W.D. Mo. Sept. 29, 2017) (mechanical engineer who was not a doctor or ophthalmologist not qualified to opine on whether noise/flash device caused ear or eye injury); *Williams v. Invenergy, LLC*, 2016 WL 1725990 at *13 (D. Or. Apr. 28, 2016) (mechanical engineer experienced in acoustics was "not a doctor or epidemiologist" and not qualified to opine that wind turbine noises "produce adverse health effects"); *Willis v. Sears Hold. Mgmt. Corp.*, 2012 WL 3915333 at *7 (N.D. Ill. Sept. 07, 2012) (it was "frivolous" to propose PhD in human behavior, who was not a doctor, to opine that discrimination caused plaintiff's hypertension); *Estate of Gee v. Bloomington Hosp.*, 2012 WL 591459 at *4 (S.D. Ind. Feb. 20, 2012) ("Kastsaris is not permitted to testify about Gee's medical condition since Katsaris is not a doctor, nurse, or health professional"); *Murray v. Burt*, 2012 WL 13005388 at *2 (D.N.M. Jan. 4, 2012) (*Daubert* objection was "well taken" to opinions of stallion farm management consultant on horse semen collection techniques who was not a veterinarian); *Barber v. City of Santa Rosa*, 2010 WL 5069868 at*7 (N.D. Cal. Dec. 7, 2010) (police officer with expertise in taser use, but with no medical training, not qualified to opine on physiological effects of taser); *Fanning v. Sitton Motor Lines, Inc.*, 2010 WL 4261476 at *3 (D. Kan. Mar. 10, 2010) (non-doctor toxicologist not qualified as to cause of decedent's withdrawal symptoms); *McEvoy v. EIE Barges Serv., Inc.*, 2009 WL 10700262 at *12 (N.D. Ill. Sept. 11, 2009) (environmental engineer who was not a doctor could opine on coal dust content of air, but not

10                                    4:15-cv-02172-JSW-JCS

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

qualified on health risks of coal dust); *Trammell v. Paxton*, 2008 WL 7514367 at *6 (N.D. Ga. Sept. 29, 2008) (non-doctor consultant with expertise in jail operations and medical procedures not allowed to opine on plaintiff's medical condition or treatment while incarcerated), *aff'd*, 322 F. Appx. 907 (11th Cir. 2009).

Similarly, courts have excluded witnesses who professed to some degree of medical or related scientific knowledge from testifying on medical issues, particularly medical causation, because they were not physicians. *See United States v. Silber*, 456 F. Appx. 559, 562 (6th Cir. 2012) (no error in precluding pharmacist, with only limited experience with drugs at issue and who was not a doctor, from testifying whether relevant prescriptions were medically appropriate); *Hexum v. Eli Lilly & Co.*, 2015 WL 5008263 at *7 (C.D. Cal. Aug. 10, 2015) (PhD social psychologist not qualified to opine on how a doctor would respond to drug label wording); *Monje v. Spin Master Inc.*, 2015 WL 11117070 at *2 (D. Ariz. May 6, 2015) ("while Dr. Parent is a toxicologist, he is not a physician or a pediatric neurologist, and the Court is hard-pressed to see how he is qualified to opine on the pace of development of a toddler's brain" and effects of GHB exposure), *aff'd*, 679 F. Appx. 535 (9th Cir. 2017); *Salinas v. Amteck of Kentucky, Inc.*, 682 F. Supp. 2d 1022, 1030 (N.D. Cal. 2010) (workplace safety expert not qualified to opine on warning or safety labels) *Dellinger v. Pfizer, Inc.*, 2006 WL 2057654 at *8 (W.D.N.C. July 19, 2006) (pharmacist with no medical or pharmacology degree was "not qualified to render a relevant or reliable pharmacological opinion regarding the effects of Neurontin"); *Petersen v. Cordes*, 2003 WL 22533664 at *2 (N.D. Ill. Nov. 6, 2003) (coroner who was not medical doctor and had no medical training not qualified to opine on cause of death); *Plourde v. Gladstone*, 190 F. Supp. 2d 708, 719 (D. Vt. 2002) (toxicologist who was not medical doctor not qualified to opine on cause of plaintiff's liver condition), *aff'd*, 69 F. Appx. 485 (2d Cir. 2003); *Abdishi v. Phillip Morris*, 1999 WL 756054 at *9 (N.D. Ill. Sept. 7, 1999) (chemist who was not a doctor but had some experience and had taken some courses in some of the relevant medical subjects not qualified to opine on whether cigarettes caused the plaintiff's condition); *In re TMI Lit.*, 911 F. Supp. 775, 809

(M.D. Pa. 1996) ("Although well-credentialed in his own field [radiation effects on plants] Dr. Gunckel is not qualified to testify in the fields of medicine, epidemiology, immunology or veterinary medicine. Dr. Gunckel is therefore not qualified to give an expert opinion with respect to his human and animal health study"), *aff'd*, 193 F.3d 613 (3d Cir. 1999).

Furthermore, that Dr. Visser has experience observing wild killer whales, Simpson Decl. Ex. L at 7-8, and evidently has often been to SeaWorld as a customer, *id*. at 133, do not qualify her on the range of health and welfare issues she addresses for SeaWorld's killer whales. An expert must "'stay[] within the reasonable confines of his subject area.'" *Avila v. Willits Env. Rem. Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (testimony of "Physician/Scientist/Attorney" with expertise in cancer immunology and biology and medical toxicology properly excluded as he had no special training or knowledge in metal working industries and could not competently opine on whether plant conditions created dioxins); *Trulove v. D'Amico*, 2018 WL 1090248 at *2 (N.D. Cal. Feb. 27, 2018) (computer animator not qualified to do crime scene reconstructions). Some experience in a scientific or technical subject is not license to testify about all of its aspects. *See Estate of Stuller v. United States*, 811 F.3d 890, 895 (7th Cir. 2016) (witness' 50 years' experience in horse breeding and training did not qualify him to opine on financial and business aspects of running horse-breeding operation); *United States v. Chang*, 207 F.3d 1169, 1173 (9th Cir. 2000) (witness' expertise in history and purpose of foreign security not qualified to opine on whether it was counterfeit); *Mariscal v. Graco, Inc.*, 2014 WL 4245949 at *8 (N.D. Cal. Aug. 27, 2014) (in eye injury case, witness with expertise in workplace safety not qualified to opine on consumer safety); *Jack v. Borg-Warner Morse TEC LLC*, 2018 WL 3819027 at *18 (W.D. Wash. Aug. 10, 2018) (PhD in maritime studies and experienced in asbestos exposure in shipbuilding not qualified on asbestos exposure in auto manufacturing); *Pooshs*, 904 F. Supp. 2d at 1019 (epidemiologist with PhD in human behavior and experience in health behavior, uses of cigarettes and their addictive properties not qualified on cigarette design); *Rambus, Inc. v. Hynix Semiconductor, Inc.*, 254 F.R.D. 597, 604 (N.D. Cal. 2008) (electrical engineer qualified on some aspects of "commercial

success" but not on the more specific issues) *Redfoot v. B.F. Ascher & Co.*, 2007 WL 1593239 at *10-11 (N.D. Cal. June 1, 2007) (MD with PhD in genetics not qualified to opine that vaccine additive causes autism; witness had no specialization in relevant areas of pediatrics, neurology, toxicology or epidemiology; his general interest in vaccines was insufficient); *Hickman v. Sofamor-Daneck Gr., Inc.*, 1999 WL 606690 at *8 (N.D. Cal. Feb. 17, 1999) (anesthesiologist and psychiatrist experienced in pain management but not orthopedics or surgery not qualified on whether defendant's device caused plaintiff's pain).

Finally, the same lack of qualifications that precludes Dr. Visser's veterinary medicine opinions precludes her comments on human medicine. For the same reasons discussed above, the Court should exclude from consideration Dr. Visser's speculation as to the actual cause of death for two individuals who had fatal encounters with killer whales. *See* Simpson Decl. Ex. L ¶¶ 324, 326.

**B.    Dr. Visser Is Not Qualified To Opine On Killer Whale Training, Husbandry or Behavior**



. *See id.* ¶¶ 225

256-57

259 & n.353

261-62

319

364-65

*See id.* ¶¶ 13

; 159

212

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850



All of the above areas of animal training, husbandry and behavior, Burtis Decl. ¶¶ 9-10, require specialized training, knowledge and experience with killer whales in a zoological setting. *Id.* ¶ 5. Dr. Visser is not qualified to opine on any of these subjects. She is not a killer whale trainer and has no material training, expertise or experience in any of these topics. The same authorities detailed above mandate exclusion of all of these subjects from Dr. Visser's testimony.

### C.   Dr. Visser Is Not Qualified To Opine On Animal Welfare

Because she has never served on the animal welfare committee of a zoological institution or had any discernible experience creating or applying animal welfare standards to an entity like SeaWorld, Dr. Visser's opinions on animal welfare also should be excluded. *See* Simpson Decl. Ex. L ¶¶ 121-129



As with the others, this area is one of specialized training, knowledge and experience with killer whales in a zoological setting that Dr. Visser does not have. *See* Nollens Decl. ¶¶ 8, 13-14; Burtis Decl. ¶¶ 6, 11-12.

### D.   Dr. Visser's Opinions On Matters Of Law Should Be Excluded

In addition to her wholesale lack of qualifications to testify as to SeaWorld's killer whales' health and wellbeing, Dr. Visser inappropriately strays into areas that are the province of the Court. Dr. Visser opines on the status, under various European laws and permits, of killer whale Morgan. Simpson Decl. Ex. L ¶ 337. She also opines on the accuracy of the signage at Loro Parque discussing that facility's killer whales' status under certain laws and international

14                                  4:15-cv-02172-JSW-JCS

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

conventions, *id*. ¶¶ 386-89, 391, 394, and whether the factual accuracy of the signage would be misleading to a member of the public or is "duplicitous, *id*. ¶¶ 390, 392, 394.  Dr. Visser is not competent to speak to any of this.  She is not a lawyer.  *Id.* Ex. A 99:8-9.  Even if she were an attorney, these are all matters of law for the Court that do not necessitate an expert witness. "'[M]atters of law are inappropriate subjects for expert testimony.'"  *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 337 (9th Cir. 2017) (quoting *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1052 (9th Cir. 2012)).  *See also Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, 2009 WL 1764652 at \*1 (N.D. Cal. June 18, 2009) (striking expert opinion on copyrightability because it "pertain[ed] to an ultimate issue of law to be decided by the Court").

### E.    Dr. Visser's Testimony Should Be Limited to the Prevalence of Dorsal Fin Collapse in Wild versus SeaWorld Killer Whales

Dr. Visser lacks the requisite qualifications to testify as to two of the three overall opinions in her Reports:  that conditions at SeaWorld generally, and dorsal fin collapse specifically, harm killer whale health and wellbeing.  The bulk of the material covered in Dr. Visser's Reports is tied to, and is offered in support of, these two opinions.  But without the qualifications necessary to opine on these subjects, Dr. Visser can testify to none of this information as an expert.  Moreover, Dr. Visser has never been disclosed by Plaintiffs as a percipient witness, *see* Simpson Decl. Ex. C (Pls. 2d Supp. Initial Disclosures (Oct. 31, 2018)), so she cannot testify at trial as a fact witness either.  Dr. Visser's actual credentials (wild killer whale researcher) arguably qualify her to opine on the third overall opinion in her Reports – the prevalence of collapsed dorsal fins at SeaWorld versus free-ranging killer whale populations.  The Court therefore should enter an order that limits Dr. Visser's testimony in this case to that single topic.

### V.    CONCLUSION

SeaWorld's motion should be granted.  The Court should enter an order limiting Dr. Visser's testimony in this case to the prevalence of collapsed dorsal fins at SeaWorld versus free-ranging killer whale populations.

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

DATED: June 7, 2019                    DUANE MORRIS LLP


                                       By:       /s John M. Simpson
                                             John M. Simpson
                                             Attorneys for Defendant

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF INGRID N. VISSER