UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANDERSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEAWORLD PARKS AND ENTERTAINMENT, INC., <br><br> Defendant. | Case No. 15-cv-02172-JSW <br><br> **ORDER GRANTING PLAINTIFF MARC ANDERSON'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE ON CONDITIONS SET FORTH HEREIN** <br><br> Dkt. No. 509 |

This matter comes before the Court upon consideration of Plaintiff Marc Anderson's motion for voluntary dismissal with prejudice. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes the motion can be resolved without oral argument. The Court will GRANT the motion for voluntary dismissal, and it GRANTS, IN PART, AND DENIES, IN PART, Defendant's requested conditions.

The Court shall not repeat the facts or procedural history of this case with respect to Mr. Anderson's claims, which have been set forth in several prior orders. Mr. Anderson moves to dismiss pursuant to Federal Rule of Civil Procedure 41. Because Defendant answered and moved for summary judgment and has not stipulated to dismiss Mr. Anderson's claims, he may only dismiss his claims by a court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(i)-(ii), 41(a)(2).

In order to resolve this motion, the Court must answer three questions: (1) whether to dismiss; (2) whether the dismissal should be with or without prejudice; and (3) whether any conditions should be imposed. *See, e.g., Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Ultimately, the decision is a matter within the Court's discretion.

*Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). However, a court "should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).[1]

With respect to the first two questions, Defendant does not oppose dismissal with prejudice *if* the Court adopts four proposed conditions. The Court concludes the request to dismiss should be granted. Based on the parties' agreement, it also concludes that dismissal with prejudice is warranted. The Court turns to the third and final question, what conditions – if any – should be imposed?

First, Defendant argues the dismissal order should state the dismissal is not the result of any kind of settlement. Mr. Anderson does not oppose that condition. Accordingly, the Court's Order will include the following language: "The dismissal is not the result of any settlement reached between Mr. Anderson and SeaWorld, and SeaWorld is not providing any compensation or other benefit of any kind to Mr. Anderson, his counsel or any other person or entity as a condition of or result of this dismissal."

Second, Defendant argues that a dismissal order should make clear that it preserves its right to pursue any claims or remedies against Mr. Anderson or his counsel. Mr. Anderson does not oppose this request but asks the Court to include additional language, which would clarify that Defendant's reservation of rights does not create or revive any rights that Defendant may have waived or abandoned. The Court has considered Defendant's proposal and it will adopt the abbreviated version of the condition set forth in Defendant's proposed order. For that reason, the Court concludes that Mr. Anderson's proposed language is not required to protect his rights or interests.

Accordingly, the Court's dismissal Order shall state that "SeaWorld's rights to pursue any claims and remedies against Mr. Anderson or his counsel are preserved." (*See* Dkt. No. 512-17, Defendant's Proposed Order at 2:6-7.)

---

[1] The term "legal prejudice" has been construed to mean "prejudice to some legal interest, some legal claims, some legal argument." *Smith*, 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 97).

2

Third, Defendant argues it should be declared the prevailing party on Mr. Anderson's claims, but it states it is not asking for an award of fees or costs as a condition of dismissal. Mr. Anderson argues that this condition is unnecessary and premature. The Court declines to adopt this condition. However, the Court will clearly state that Defendant reserves all rights to argue that it is the prevailing party if it files a motion for costs or a motion for attorneys' fees.

Finally, Defendant argues that it should be entitled to present evidence relating to Mr. Anderson's claims, including evidence adduced from Mr. Anderson's sister, either by way of live testimony, deposition designations, or the inclusion of findings of fact in Ms. Nelson's and Ms. Morizur's trial on standing. In support of this condition, Defendant primarily relies on cases in which courts granted a plaintiff's motion for a voluntary dismissal on the condition that the plaintiff respond to outstanding discovery. *See, e.g., Roz v. Nestle Waters N. Am., Inc.*, No. CV 16-4418 SVW (JEMx), 2017 WL 6940512 (C.D. Cal. June 21, 2017) (granting motion to compel deposition of named plaintiff and class representative where deposition noticed before plaintiff indicated his desire to withdraw from suit); *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *3-*4 (N.D. Cal. Dec. 22, 2015) (conditioning dismissal on plaintiff responding to outstanding discovery that would be relevant to class certification but denying request to require plaintiff to "respond[] to potential or hypothetical discovery").

Assuming for the sake of argument that it would be within the Court's discretion to impose such a condition, the Court declines to do so in this case. In many of the cases on which Defendant relies, the courts determined that – at the discovery phase – the plaintiff at issue was likely to have "discoverable" information about issues that would be relevant to issues of class certification. As the *Opperman* court noted, "[t]he inability to conduct sufficient discovery for a defense can constitute legal prejudice." 2015 WL 9311888, at *2 (citing *Westlands Water Dist.*, 100 F.3d at 97). Here, Defendant has the discovery it needs to defend against Ms. Morizur's and Ms. Nelson's arguments on standing. The Court views this as an evidentiary issue, and contrary to Defendant's argument it concludes that Mr. Anderson's testimony would not be relevant at trial. Accordingly, the Court denies Defendant's request to condition dismissal on the admission of such

testimony.  Further, the Court will not hear that evidence at trial.[2]

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion for voluntary dismissal on the conditions set forth in this Order.  Because the Court did not adopt Mr. Anderson's proposal with respect to Defendant's second condition, he shall file a notice by no later than 4:00 p.m. on March 5, 2020, as to whether he accepts the Court's conditions.  *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986).

In addition to their arguments on dismissal, the parties have argued about whether the Court should maintain or constrict the time limits it imposed at the pretrial conference.  When the Court set the time limits for trial, Mr. Anderson still was a party and he and his sister were expected to testify.  The Court also had not revisited its ruling excluding Ms. Fay as a witness. The parties SHALL file a joint updated witness list with time estimates for each witness by 12:00 p.m. on March 6, 2020, so that it may determine whether it should adjust the previously set time limitations.

Finally, Mr. Anderson's decision not to pursue his claims and this motion came on the eve of a bench trial, which placed additional burdens on the parties and on the Court.  The parties clearly have strong feelings about their respective positions on the merits of the standing issue as well as the merits of this case.  However, the parties can engage in zealous advocacy without negatively characterizing of the opposing parties, their counsel, or their litigation strategies and positions.  Therefore, the Court ADMONISHES the parties that it expects them to conduct this trial and all subsequent proceedings that may be necessary with civility and respect.

**IT IS SO ORDERED.**

Dated: March 4, 2020

_____
JEFFREY S. WHITE
United States District Judge

---

[2] The Court's decision is premised on its view that the evidence is not relevant.  It is not based on Federal Rule of Evidence 403.

4