UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY NELSON and JULIETTE MORIZUR,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>Defendant. | Case No. 15-cv-02172-JSW<br><br>**ORDER DENYING MOTION FOR ENTITLEMENT TO ATTORNEYS FEES**<br><br>Re: Dkt. Nos. 569-4, 571 |

This matter comes before the Court upon consideration of the motion for a ruling on whether Defendant, SeaWorld Parks and Entertainment, Inc. ("SeaWorld"), is entitled to an award of attorneys' fees. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES SeaWorld's motion.

**BACKGROUND**

On March 9, 2020 through March 11, 2020, the Court conducted a bench trial on the issue of whether Plaintiffs, Kelly Nelson ("Ms. Nelson") and Juliette Morizur ("Ms. Morizur"), had Article III standing to seek injunctive relief and statutory standing to pursue claims against SeaWorld under California's Unfair Competition Law, Business and Professions Code section 17200, *et seq.* (the "UCL Claims"), California's False Advertising Law, Business and Professions Code section 17500, *et seq.* (the "FAL claim"), and California's Consumer Legal Remedies Act, Civil Code sections 1780, *et seq.* (the "CLRA Claim"). On October 13, 2020, the Court issued Findings of Fact and Conclusions of Law and determined Plaintiffs had not met their burden to show they had standing and entered judgment in SeaWorld's favor. *Morizur v. SeaWorld Parks and Entm't, Inc.*, No. 15-cv-2172-JSW, 2020 WL 6044043 (N.D. Cal. Oct. 13, 2020) ("*Morizur*").

The facts and allegations underlying this dispute are well-known to the parties and are set forth in more detail in the Court's Orders resolving SeaWorld's motions to dismiss, granting, in part, and denying, in part, SeaWorld's motion for summary judgment, and its findings of fact and conclusions of law.[1] *See* Dkt. Nos. 46, 90, 188; *see also Morizur*, 2020 WL 6044043, at *4-11; *Anderson v. SeaWorld Parks and Entm't, Inc.*, 15-cv-2172-JSW, 2016 WL 4076097, at *2, *5, *8-11 (N.D. Cal. Aug. 1, 2016) (Order Granting, in Part, and Denying, in Part, Motion to Dismiss First Amended Complaint).) The Court also addressed some of these issues when it denied SeaWorld's motion for sanctions under Federal Rule of Civil Procedure 11. (Dkt. No. 189, "Rule 11 Order").) The Court will not restate those facts here, except as necessary to its analysis.

## ANALYSIS

Under the "American Rule" parties to a lawsuit normally bear their costs and fees. *See, e.g., Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240 (1975). Relying on 28 U.S.C. section 1927, the Court's inherent authority, and a provision of the CLRA, SeaWorld asks the Court to apply exceptions to that rule and award it the full amount of its attorneys' fees and costs from Plaintiffs and three members of their legal team: Christine Haskett, Udit Sood, and Lindsey Barnhart. SeaWorld argues that Plaintiffs' counsel in conjunction with and at the instigation of non-party Earth Island Institute ("EII") went searching for plaintiffs and concocted a case that was intended to enable EII to harass SeaWorld and to advance EII's anti-SeaWorld agenda rather than to rectify allegedly false advertising.

To prevail on any of those legal theories, SeaWorld bears the burden to show bad faith. *See, e.g., Espinoza-Gutierrez v. Smith*, 94 F.3d 1270, 1279 (9th Cir. 1996); *Jones v. ConAgra Foods, Inc.*, No. 12-cv-01633-CRB, 2013 WL 6623740, at *4 (N.D. Cal. Dec. 16, 2013). An award of fees under Section 1927 must "must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club*, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting *New Alaska Dev. Corp. v. Guestschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). Under Section 1927, a court may find bad faith "when an attorney knowingly or recklessly raises a frivolous argument or

---

[1] To the extent either party has characterized the Court's rulings and findings in a certain way, the orders and rulings cited speak for themselves.

1   argues a meritorious claim for the purpose of harassing an opponent." *Id.* (*quoting New Alaska*,
2   869 F.2d at 1306).

3           Similarly, "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive
4   reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper
5   purpose[,]" a court has the inherent power to impose attorneys' fees as a sanction. *Chambers v.*
6   *NASCO*, 501 U.S. 32, 45-46 (1991); *see also Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __,
7   137 S. Ct. 1178, 1186-87 (2017). A court must exercise this inherent power with "restraint and
8   discretion," *Chambers*, 501 U.S. at 44, and the award must "go no further than to redress the
9   wronged party 'for losses sustained'; it may not impose an additional amount as punishment for
10  the sanctioned party's misbehavior." *Goodyear*, 137 S. Ct. at 1186 (citations and quotations
11  omitted).

12          Finally, the CLRA provides that a prevailing defendant may be entitled to fees, if a court
13  finds that a plaintiff acted with subjective bad faith in prosecuting their case. *See* Cal. Civ. Code §
14  1780(e); *Fitzpatrick v. BigHeart Pet Brands*, No. 16-cv-00063-JAM-AC, 2017 WL 1022802, at *1
15  (E.D. Cal Mar. 15, 2017). "[A] finding that the prosecution was 'frivolous' or without 'reasonable
16  cause'" is not sufficient. *Corbett v. Hayward Dodge, Inc.*, 119 Cal. App. 4th 915, 924 (2004).

17          With respect to Plaintiffs' counsel, SeaWorld recounts its views of EII's motivations for
18  bringing the lawsuit, which it argues demonstrates that the case was not brought to remedy false
19  advertising but was done solely to advance EII's agenda, including a desire to create a sanctuary
20  for killer whales. SeaWorld also details the conduct by Plaintiffs' counsel that it argues warrants
21  full cost shifting. It argues Plaintiffs' counsel included false allegations in various iterations of the
22  complaints. When it denied SeaWorld's Rule 11 motion, the Court noted that, based on Ms.
23  Nelson's deposition testimony, it was troubled by allegations that appeared inaccurate. (Rule 11
24  Order at 3:18-19.) Based on the record presented in connection with the current motion, the Court
25  does not find SeaWorld has met its burden to show that counsel acted recklessly and with an
26  improper purpose or acted in bad faith.

27          SeaWorld also argues Plaintiffs' counsel used the discovery process to funnel SeaWorld's
28  confidential documents to individuals who shared EII's anti-SeaWorld bias. In light of its ruling

in the first phase of the trial, the Court did not rule on the parties' various *Daubert* motions. However, the record shows that, whether or not they could have offered certain testimony, Plaintiffs' experts were qualified in their respective fields. (*See* Dkt. Nos. 303-8, Visser Report, ¶¶ 5-22, Ex. A; 305-8, Gallego Report ¶¶ 4-13, Ex. A; 308-7, Duffus Report, ¶¶ 4-10, Ex. A; 310-7, Parsons Report, ¶¶ 4-18, Ex A.) Further, although EII and one of the experts may have posted the expert reports to websites, the record shows the versions posted were redacted. (Dkt. No. 571-1, Declaration of John Simpson ("Simpson Decl."), ¶¶ 19-20, Exs. L-M.) Again, the Court concludes that SeaWorld has not met its burden to show Plaintiffs' counsel acted recklessly and with and improper purpose, vexatiously, or in bad faith. SeaWorld also references the parties' settlement discussions to support its arguments that Plaintiffs' counsel pursued this case for an improper purpose. (*See* Simpson Decl., ¶¶ 21-22, Ex. N.) Considering the proposals and counter-proposals submitted with the motion, including Plaintiffs' rejection of SeaWorld's proposal because it did not address the claims of allegedly false advertising, the Court concludes SeaWorld has not met its burden to show bad faith.

With respect to the Plaintiffs, SeaWorld argues that, based on their social media posts – some of which were admitted and considered at trial - and their pre-filing communications with EII and counsel, it should have been evident to counsel at the outset that Plaintiffs had not suffered monetary loss and had no intention of returning to SeaWorld. (*See, e.g.* Simpson Decl., ¶ 4, Ex. A (Deposition of Mark Palmer at 206:11-25 and Palmer Depo. Ex. 253).) SeaWorld recounts many facts that the Court has previously considered, both in connection with its motion for summary judgment and at trial, such as the fact that Ms. Nelson's husband turned over the funds used to purchase her ticket and Ms. Morizur's explanation about why she could not produce the stuffed orca that supported her claims for monetary relief. Although the Court found portions of Plaintiffs' testimony was not always credible and although its adverse credibility determinations impacted their ability to meet their burden of proof on the issue of standing, the Court did not discredit their testimony in its entirety. (*See Morizur*, 2020 WL 6044043, at *2.)

The Court has presided over this case since its inception. It has carefully considered the evidence presented in support of SeaWorld's motion and its arguments, but the Court concludes

1  SeaWorld has not met its burden to show the Plaintiffs or their counsel engaged in conduct that
2  would entitle SeaWorld to an award of attorneys' fees.
3       Accordingly, the Court DENIES the motion.
4       **IT IS SO ORDERED**.
5  Dated: July 9, 2021

                                                                                        _____
                                                                                        JEFFREY S. WHITE
                                                                                        United States District Judge