UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIETTE MORIZUR and KELLY NELSON,

Plaintiffs,

v.

SEAWORLD PARKS AND ENTERTAINMENT, INC.,

Defendant.

Case No. 15-cv-02172-JSW

**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT**

Re: Dkt. No. 592

This matter comes before the Court upon consideration of the motion to alter or amend judgment, filed by Defendant SeaWorld Parks and Entertainment, Inc. ("SeaWorld"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for October 1, 2021, and GRANTS SeaWorld's motion.

On July 9, 2021, the Court denied SeaWorld's motion for a ruling that it was entitled to attorneys' fees. SeaWorld asks the Court to alter or amend that Order under Federal Rules of Civil Procedure 59(e) and 60(b)(1), a matter within the Court's discretion. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Wilson v. City of San Jose*, 111 F.3d 688, 691 (9th Cir. 1997) (Rule 60(b)).

Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Court may grant relief under the rule if, *inter alia*, it is necessary to prevent a manifest injustice. *See Allstate*, 634 F.3d at 1111.[1] Under Rule 60(b)(1), a

---

[1]   The Court may also alter or amend a judgment if "(1) if such motion is necessary to correct

court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" based on "mistake[.]"  Fed. R. Civ. P. 60(b)(1); *see also Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("To qualify for relief under Rule 60(b)(1), the movant must demonstrate mistake, inadvertence, surprise, or excusable neglect.") (quotations and citation omitted).  SeaWorld asks the Court to amend its order to rule on the objections included in its reply, which SeaWorld argues must have been a mistake or oversight by the Court.  SeaWorld also argues the lack of a ruling "jeopardizes [its] right to appellate review" and creates a manifest injustice.

SeaWorld objected to portions of Plaintiffs' opposition brief on the basis of a lack of personal knowledge, relevance, hearsay, lack of foundation, and that the portions were misleading and were a waste of time.  (*See* Reply at 3:21-4:12 (citing Federal Rules of Evidence 402, 403, 602, and 901).)  To clarify the record for purposes of SeaWorld's stated appeal, the Court will provide the parties with its rulings on the objections.

Given the Court's familiarity with the case and the arguments, each party's briefs were far longer than necessary.[2]  That said, the Court did not find Plaintiffs' arguments a waste of time or misleading, and the Court OVERRULES each of SeaWorld's objections on the basis of Rule 403.

In order to prevail on its motion, SeaWorld had the burden of showing Plaintiffs and their counsel acted in bad faith.  Many of the objections SeaWorld raised addressed the manner in which Plaintiffs and their counsel characterized their actions and amounted to argument about why the Court should conclude they acted in good faith.  The Court did not rely on the parties' characterization of their actions - or the characterization of their opposing counsel's or the opposing party's actions - as statements of fact or for the truth of those statements.  Therefore, SeaWorld's objections to the following excerpts are moot: 5:5-6, 5:11-12, 5:18, 8:18-19, 12:22-24,

---

manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; … or (4) if the amendment is justified by an intervening change in controlling law."  *Allstate*, 634 F.3d at 1111.  SeaWorld does not rely on any of these circumstances to support its motion.

[2]      It is possible that the parties and the Court have expended more time and ink on this matter than Herman Melville did when penning his epic tale.

United States District Court
Northern District of California

17:19, 18:12-14, 22:4-6, 23:23-24, 26:27-27:2, 26:28-27:1, 27:8-9, 27:14-15, 28:2-3, 28:6-7, 28:10-11, 30:22, and 30:28-31:1.

SeaWorld also objected to the statement that counsel met with and entered into representation agreements with Ms. Nelson and Ms. Morizur before they were added as Plaintiffs and also objects to information about Plaintiffs' experts. Plaintiffs' engagement letters and the expert reports were in the record at the time the Court ruled on SeaWorld's fee motion. The Court did not rely on Plaintiffs' characterization of exhibits or testimony admitted at trial or as exhibits to SeaWorld's fee motion as facts. The Court cannot fault Plaintiff for submitting materials as exhibits that were in the record for the Court to consider. For that reason, SeaWorld's objections to statements at the following pages and lines of Plaintiffs' opposition are moot: 3:20-22, 4:15-16, 6:6-8, 8:18-19, 9:28-10:1, 16:6-19[3], 16:28-17:1, and 17:19.

Finally, the Court did not find the following excerpts of Plaintiffs' opposition necessary to resolve the motion: 18:20-21, 25:22-23, 28:11-14. If the Court had intended to or found it necessary to rely on any matters that could be considered privileged, it would have accepted Plaintiffs' invitation to submit that information on an *in camera* basis. It did not, and therefore SeaWorld's objections at page 5, lines 14-26 of its reply brief, also are moot.

**IT IS SO ORDERED**.

Dated: September 3, 2021

_____
JEFFREY S. WHITE
United States District Judge

---

[3] The Court reviewed the expert reports and made an independent assessment of whether they were qualified in their fields. (*See* Order on Fee Motion at 4:3.) Similarly, the Court's assessment of the parties' settlement discussion was premised on the materials submitted by SeaWorld.