**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIETTE MORIZUR; KELLY NELSON, | No.    21-16495 |
| Plaintiffs-Appellees, | D.C. No. 4:15-cv-02172-JSW |
| v. | |
| SEAWORLD PARKS AND ENTERTAINMENT, INC., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 17, 2022
San Francisco, California

Before:  S.R. THOMAS and M. SMITH, Circuit Judges, and WU,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

SeaWorld Parks and Entertainment, Inc. appeals the denial of its motion for entitlement to attorneys' fees. The parties' familiarity with the record is assumed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm because the district court did not abuse its discretion in denying attorneys' fees. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1018 (9th Cir. 2015) ("A district court's decision to deny a motion for attorneys' fees is reviewed for abuse of discretion.").

1. As a preliminary matter, Plaintiffs and their counsel did not "default" in the district court. SeaWorld bore the burden to demonstrate entitlement to attorneys' fees. *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000). Nonetheless, Plaintiffs filed an opposition to SeaWorld's motion that was replete with references to the record. This is sufficient.

2. Furthermore, the district court applied the correct legal standards in addressing the fees motion. In denying fees under 28 U.S.C § 1927, the court determined SeaWorld failed to meet its burden to show that Plaintiffs' counsel acted recklessly. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) ("recklessness suffices for § 1927"). The court also applied the correct standard for awarding fees under its inherent authority. *See id.* at 994 (holding inherent authority sanctions may be imposed where court finds "conduct tantamount to bad faith," including "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose"). The court accurately noted that under

California's Consumer Legal Remedies Act a prevailing defendant "may be entitled to fees, if a court finds that a plaintiff acted with subjective bad faith in prosecuting their case."  *See* Cal. Civ. Code § 1780(e) ("Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith.").

3.      Moreover, the district court's findings regarding the nature of Plaintiffs' and their attorneys' litigation conduct were not clearly erroneous.  *See Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) ("We review a district court's finding regarding a party's bad faith for clear error."); *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000) (same re recklessness).

*First,* we reject SeaWorld's argument that the district court's findings of fact after the bench trial on standing necessitated a finding of bad faith.  The district court found that Plaintiffs' testimony was partially credible.  And in denying SeaWorld's motion for fees, the district court relied on that partial credibility finding.  SeaWorld directs the court to no binding authority for the proposition that a court must grant fee sanctions where the finder of fact partially credits a party's testimony.

*Second,* the district court did not clearly err by finding SeaWorld failed to meet its burden to show that Plaintiffs or their counsel acted in a manner or with motivations that would entitle SeaWorld to fees.  "[I]n light of the trial court's

3

superior understanding of the litigation," its judgments as to attorneys' fee sanctions "are entitled to substantial deference on appeal." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017) (cleaned up); *see also McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987) (observing that a district judge is in a better position to assess the parties' credibility than a court of appeals on a motion for sanctions). Upon review of the record, we do not possess a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**AFFIRMED.**