UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIETTE MORIZUR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEAWORLD PARKS AND ENTERTAINMENT, INC., <br><br> Defendant. | Case No. 15-cv-02172-JSW <br><br> **ORDER GRANTING, IN PART, AND DENYING, IN PART, EARTH ISLAND INSTITUTE'S MOTION TO INTERVENE FOR PURPOSES OF UNSEALING DOCUMENTS** <br><br> Re: Dkt. No. 604 |

Now before the Court for consideration is the motion to intervene filed by Earth Island Institute ("EII"). The Court has considered the papers', relevant legal authority, and the record in this case, and (it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for February 3, 2023 and HEREBY GRANTS, IN PART, AND DENIES, IN PART, EII's motion.

## BACKGROUND

The procedural history and facts underlying this dispute, including EII's involvement in the litigation, have been recounted in prior orders and will not be repeated here. *See, e.g., Morizur v. SeaWorld Parks and Entm't, Inc.*, No. 15-cv-2172-JSW, 2020 WL 6044043 (N.D. Cal. Oct. 13, 2020); Dkt. Nos. 188-189, 590. Before trial, Plaintiffs designated four testimonial experts: Dr. Ingrid Visser, Dr. Javier Gallego, Dr. E.C.M. Parsons, Dr. David Duffus. They also designated EEI officers Mark Palmer and David Phillips as consulting experts. (Dkt. No. 604-2, Declaration of David Phillips ("Phillips Decl."), ¶ 3.)

SeaWorld moved to exclude testimony from each of the testifying experts ("*Daubert* motions") and filed motions to seal in conjunction with their *Daubert* motions, arguing there was

1    good cause to seal portions of the briefs and supporting exhibits. The Court granted each motion
2    to seal finding "good cause" to do so. (Dkt. Nos. 387-388, 403-404 (the "Report Redactions").)
3        The Court never ruled on the *Daubert* motions, because it bifurcated the issue of standing
4    from the merits, held a bench trial, and found the Plaintiffs lacked standing. *Morizur*, 2020 WL
5    6044043, at 2.
6        The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

8        EII seeks to intervene in the case, pursuant to Federal Rule Civil Procedure 24(b)(2), for
9    the limited purpose of asking the Court to unseal the Report Redactions. *See San Jose Mercury*
10   *News, Inc. v. District Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("*Mercury News*") ("Nonparties
11   seeking access to a judicial record in a civil case may do so by seeking permissive intervention
12   under Rule 24(b)(2)."). Rule 24(b) generally requires a movant to show "(1) an independent
13   ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between
14   the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner &*
15   *Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). However, when a third party seeks to intervene
16   solely to unseal a court record, they do "not need to demonstrate independent jurisdiction or a
17   common question of law or fact." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 Fed. Appx. 793,
18   795 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).
19       SeaWorld argues EII's motion is untimely. Local Rule 79-5(g)(3) permits a motion to
20   unseal to be made at any time, but Rule 24 requires a court to consider "(1) the stage of the
21   proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the
22   reason for and length of the delay." *Mercury News*, 187 F.3d at 1001. EII relies solely on the
23   provisions of the Local Rule to explain why it is seeking relief now. This case is now closed and
24   SeaWorld's appeal has been resolved. Thus, permitting EII to intervene at this stage poses no
25   prejudice in terms of delaying the proceedings. The Court will not deny the motion on the basis
26   that it is untimely, but for reasons discussed below, the Court finds that EII has not acted in an
27   expeditious manner.
28       When a non-party seeks to intervene to unseal, the Court "must evaluate whether the

2

countervailing interests opposing public disclosure can overcome the [strong] presumption in favor of" public access. *Id.* (citing *Mercury News*, 187 F.3d at 1102). "[P]ublic access to filed motions and their attachments … will turn on whether the motion is more than tangentially related to the merits of case." *Ct'r for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016). Where that is the case, a court applies the "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

> [C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. … The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1179.

EII was involved in the search for plaintiffs, focused the search in the Bay Area because it perceived it to be a favorable venue, and had the right to be consulted on litigation strategy. (*See, e.g.,* Dkt. No. 609-1, Declaration of John Simpson, ¶¶ 3, 8; Dkt. No. 612-1 (Deposition of Mark Palmer ("Palmer Depo.") at 16:15-18:5, 59:1-16, 61:4-15, 101:1-102:8); Dkt. No. 612-2, Simpson Decl., Ex. F. (Engagement Letter).) The Court reiterates its conclusions from prior Orders that SeaWorld has not demonstrated that counsel's or EII's conduct is sanctionable. Yet, those facts demonstrate that EII is no stranger to this litigation. Mr. Palmer testified that EII was motivated to obtain documents from SeaWorld and that EII hoped at some point the Court would unseal the materials, he also testified that EII was precluded from disclosing the documents to the public. (Palmer Depo. at 267:20-22, 269:12-270:3.)

The terms of the Stipulated Protective Order provide that "the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs." (Dkt. No. 121, Stipulated Protective Order, ¶ 4; *see also* Dkt. No. 191 at ECF p. 27; Palmer Depo. at 254:19-255:2, 262:9-24, 264:10-21.)[1] The terms of the

---

[1] Mr. Phillips attests he has not seen any of the documents at issue. (Phillips Decl., ¶ 4.)

Protective Order also provide that "all documents and information produced in discovery … shall only be used for purposes of litigating this case." (*Id.*, ¶ 1.) EII states that its purpose in moving to unseal the documents is so that it may "properly examine expert testimony regarding the health of SeaWorld's orcas and SeaWorld's practices regarding its care of captive orcas, and further inform the public on the condition" of those orcas. (Mot. at 2:3-6; *see also* Phillips Decl., ¶¶ 6, 11, 16-17.)[2]

It is true that each of the experts reports went to the merits of Plaintiffs' case and the motions to which they were attached can be considered "more than tangentially related" to the merits, which would favor public access to the documents. However, the Court did not consider, let alone rule on, the motions to determine whether or not the Plaintiffs had standing. It did refer to the experts' qualifications when it ruled on the motion for attorneys' fees, but those portions of the report were not sealed. Therefore, lifting the seal would not further the "public interest in understanding the judicial process … and the bases or explanations for a court's decision." *Id.* at 1102 (internal citations and quotations omitted); *cf. In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013). In addition, the Court concludes that SeaWorld has demonstrated there are compelling reasons to maintain the documents under seal by attesting they contain information such as non-public business information and veterinary records.

Accordingly, although the Court grants EII's request to intervene, it concludes that any interest in public access is outweighed by the interests in maintaining the Report Redactions under seal and denies EII's motion to unseal those documents.

**IT IS SO ORDERED**.

Dated: January 30, 2023

_____
JEFFREY S. WHITE
United States District Judge

---

[2] EII has published redacted versions of the expert reports on its website. (Simpson Decl., ¶ 11, Ex. I.)

4